485 So.2d 217 (1986)
STATE of Louisiana, Appellee,
v.
David OUTLAW, Appellant.
No. 17702-KW.
Court of Appeal of Louisiana, Second Circuit.
February 26, 1986.
*219 Charles R. Whitehead, Jr., Natchitoches, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, and Don Burkett, Dist. Atty., Many, for appellee.
Before JASPER E. JONES, SEXTON and LINDSAY, JJ.
JASPER E. JONES, Judge.
The defendant, David Outlaw, was charged by separate bills of information with hunting from a moving vehicle, hunting or discharging a firearm on a public road, and criminal trespass. After a bench trial, he was found guilty on all charges. After sentencing, the defendant applied for a writ of review, asserting that the evidence was insufficient to sustain any of his convictions. In the alternative, he claimed that the fines and sentences imposed, except for those for the criminal trespass conviction, are illegal and that the conditions of his probation are not authorized by law.

FACTS
On November 18, 1984, at approximately 5:15 p.m., Mr. A.L. Litton and his wife were sitting in their home when they heard three gunshots. Mrs. Litton learned that the sounds were coming from the direction of a family owned rodeo arena. She immediately proceeded in her truck to the rodeo arena area to investigate. The rodeo arena was approximately 300 yards away across an open field but about ¼ of a mile distant by way of a blacktop parish road.
The trip took about five minutes and when she arrived she observed the defendant and another person just getting into a *220 car parked on the road. She saw no other vehicles at the site or during the short journey. As she drove past the parked car and was turning around, the vehicle pulled away with the defendant sitting in the passenger seat. She followed the vehicle and as she overtook it the vehicle increased its speed, but Mrs. Litton was able to obtain the car's license plate number.
Mrs. Litton immediately returned to her home, told her husband what had occurred, and telephoned Randy Greer, a game warden. When she completed reporting the incident to the game warden she observed a car drive up to the house. The defendant exited from the vehicle. The defendant knocked on the door which was opened by Mr. Litton. Mr. Litton was informed by the defendant that the defendant and his buddy had just killed a big buck deer and that it was in the car. The defendant asked Mr. Litton three separate times during the conversation not to call anyone about the incident. The defendant left after Mr. Litton told him that a game warden had already been notified.
The game warden arrived at approximately 5:45 p.m. and he and Mr. Litton drove to the area where Mrs. Litton had first observed the defendant. The site, which is directly across from the rodeo arena, is immediately adjacent to the parish road and consists of a grassy area, 25-30 yards wide, and a wooded area. It is used as a parking lot when a rodeo was taking place and Mr. Litton had nailed numerous "posted" signs to the trees, with each sign giving his name, address and telephone number in five inch letters.
Upon arriving, the game warden and Mr. Litton observed blood beneath a tree bearing one of the "posted" signs. They also saw a depression in the grass where something had been dragged from the tree to the road, leaving a trail of blood. The trial ended at a pool of blood on the road. The game warden found two empty 7 m.m. cartridges on the road. As it had turned dark, the game warden marked the spot where the shells lay and returned the next day and took photographs of the scene. The game warden noticed some hair mixed with the blood, but could not identify it as deer hair. No one observed a deer carcass, no ballistic tests were made on the shells and no weapon was recovered.
The defendant was charged by separate bills of information with hunting from a moving vehicle, a violation of LSA-R.S. 56:124(1)(a)(iii); hunting or discharging a firearm on a public road, a violation of LSA-R.S. 32:292; and criminal trespass, a violation of LSA-R.S. 14:63.
Trial was held on May 8, 1985, at which counsel for the defendant waived a jury trial and was granted his request for a consolidation of all charges. At the conclusion of the trial the court found defendant guilty of violating LSA-R.S. 32:292. The trial court deferred a decision as to the defendant's guilt on the remaining charges. Sentencing for the conviction was also deferred until a pre-sentence investigation could be submitted.
On August 22,1985, the trial court found the defendant guilty of the remaining charges. The defendant was ordered to pay a fine of $250 plus court costs and sentenced to 90 days in the parish jail for hunting from a moving vehicle. The defendant was ordered to pay a fine of $350 plus court costs and sentenced to 60 days in jail on the conviction of hunting or discharging a firearm on a public road. He was also assessed an additional fine of $5.00 under the authority of LSA-R.S. 56:70.3(C). On the criminal trespass violation he was ordered to pay a fine of $350 plus court costs and sentenced to 60 days in the parish jail. On all charges the sentences of imprisonment were suspended and he was placed on supervisory probation for two years under the following special conditions: 1) that his hunting privileges be suspended for the length of the probation; and 2) that he pay all fines and costs.
The three assignments of error which were briefed and argued raise the following issues:
1) (Assignment of Error # 1) Did the state fail to establish the corpus delecti beyond a reasonable doubt?;

*221 2) (Assignment of Error # 2) Did the trial court err in holding that there was sufficient evidence to convince a reasonable trier of fact of the guilt of the defendant beyond a reasonable doubt of every element of each charged crime?; and
3) (Assignment of Error # 3) Do the sentences imposed exceed the legal maximums and are the conditions of probation illegal?
We reverse the conviction and sentence under LSA-R.S. 56:124(1)(a)(iii). Our decision makes it unnecessary to determine whether the corpus delicti was established for this violation.
We affirm the conviction under LSA-R.S. 32:292 but reverse the $5.00 fine imposed under LSA-R.S. 56:70.3(C). We vacate the remainder of the sentence and remand for resentencing.
We affirm the conviction and sentence for violating LSA-R.S. 14:63.
We affirm the probationary conditions imposed.

(ASSIGNMENT OF ERROR # 1)

DID THE STATE FAIL TO ESTABLISH THE CORPUS DELECTI?

LAW ON ESTABLISHING THE CORPUS DELECTI
The corpus delecti, the body or substance of a crime, is composed of two elements: (1) an unlawful injury has occurred; and (2) some person's illegal conduct caused that injury. State v. Reed, 420 So.2d 950 (La.1982). The corpus delecti must be proven by evidence which the jury may reasonably accept as establishing that fact beyond a reasonable doubt. State v. Willie, 410 So.2d 1019 (La.1982), affirmed on remand, 436 So.2d 553 (La.1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1327, 79 L.Ed.2d 723 (1984). Extrajudicial declarations or admissions are not in themselves sufficient to establish the corpus delecti, but may be considered along with other evidence. The law does not require that proof of the corpus delecti connect the accused with the crime charged. State v. Simmons, 443 So.2d 512 (La.1983).
The defendant argues that the state presented no evidence establishing the corpus delecti other than his statement made to Mr. Litton that he and his buddy had just killed a big buck deer and that it was in their car. He does not challenge the admissibility of the statement but asserts that even if it is accepted as true, there is no evidence that links the defendant to the crime charged.
The record reveals that an immediate investigation by Mrs. Litton resulted in the defendant and another individual being observed getting into a car parked on the public road and quickly leaving the area. The defendant's inculpatory statements, the subsequent discovery of the blood and empty cartridges on the public road and the evidence of an animal having been killed beneath the "posted" sign compels the conclusion that a jury could reasonably accept the evidence as establishing, beyond a reasonable doubt, that someone had been hunting or discharging a firearm on a public road and had entered upon legally posted land. It is not necessary that the evidence link the defendant with the crimes charged. Our subsequent determination makes it unnecessary to consider whether the corpus delecti had been established for hunting from a moving vehicle.
We conclude that the corpus delecti had been established for violations of LSA-R.S. 32:292 and LSA-R.S. 14:63.

(ASSIGNMENT OF ERROR # 2)
DID THE STATE PRESENT SUFFICIENT EVIDENCE TO ESTABLISH THE DEFENDANT'S GUILT ON EACH SEPARATE CHARGE?
The constitutional standard of review for the sufficiency of evidence to support a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the state proved the essential elements of the crime beyond a reasonable *222 doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Eason, 460 So.2d 1139 (La.App. 2d Cir. 1984), writ den., 463 So.2d 1317 (La.1985). The statutory rule as to circumstantial evidence is that assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence. The circumstantial evidence rule is not a stricter standard of review than the more general reasonable juror's reasonable doubt formula but a helpful methodology for its implementation by an appellate court in cases which hinge on the evaluation of circumstantial evidence. LSA-R.S. 15:438; State v. Eason, supra.
"All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet its commission, or directly counsel or procure another to commit the crime, are principals." LSA-R.S. 14:24.
LSA-R.S. 56:124(1)(a)(iii), Hunting From A Moving Vehicle
No person shall hunt or take game quadrupeds or game birds from a moving land vehicle or aircraft. LSA-R.S. 56:124(1)(a)(iii). Wild deer are game quadrupeds. LSA-R.S. 56:8(105)(a).
The defendant argues that this conviction cannot stand as there is insufficient proof that the vehicle was moving at the time of the alleged offense. We agree.
The record reveals that approximately five minutes elapsed between the time Mrs. Litton heard the gunshots and the time she first observed the defendant and the parked vehicle. She testified that the defendant and another person were just getting into the car when she drove up in her truck. The only time she saw the vehicle actually move was as it was pulling away from the road with her in close pursuit.
We conclude that the conviction and sentence must be reversed as the evidence, when viewed in a light most favorable to the state, and assuming every fact proven that the evidence tends to prove, does not exclude the reasonable hypothesis that the vehicle was not moving at the time of the offense. Cf. State v. Freeman, 411 So.2d 1068 (La.1982).
LSA-R.S. 32:292, Hunting Or Discharging A Firearm On A Public Road; LSA-R.S. 14:63, Criminal Trespass
Hunting or the discharge of firearms on public roads or highways located in this state is hereby prohibited except by law enforcement officers when in the performance of their duties. LSA-R.S. 32:292. "No person shall intentionally enter immovable property owned by another: (1) when he knows his entry is unauthorized, or (2) under circumstances where he reasonably should know his entry is unauthorized." LSA-R.S. 14:63(B).
The defendant argues that the state did not present sufficient evidence to establish his guilt on the charged violations. We disagree.
In regard to the charge of hunting or discharging a firearm on a public road, the evidence establishes that two empty 7 m.m. cartridges were found on the parish road in the area where three gunshots were heard to originate a short time before. In addition, there was evidence that an animal had recently been killed in the wooded area and dragged the short distance on to the road itself, ending in a pool of blood.
In regard to the criminal trespass charge, the evidence established that there was a bloody spot at the edge of the wooded area directly beneath a tree bearing a "posted" sign. This sign listed the owner's name, address and telephone number in five inch letters. The record also establishes that although it was dusk when the incident occurred, it was not too dark to see the "posted" sign clearly. Mr. Litton testified that it was not dark enough to compel her to turn on the truck lights. The game warden's testimony revealed that it did not become too dark to adequately see until 5:45 p.m.
*223 In regard to the defendant's guilt, the evidence establishes that he was observed getting into a car parked on the parish road in the area where the gunshot sounds were thought to originate and where the empty cartridge cases and blood stains were found. His subsequent inculpatory statement is enhanced by his repeated request to Mr. Litton not to call anyone about the incident.
The record also reveals that the defendant was not a law enforcement officer at the time of the offense and did not assert any of the defenses listed under LSA-R.S. 14:63(C).
We conclude that the defendant was legally convicted as a principal of violating LSA-R.S. 32:292 and LSA-R.S. 14:63(B) and that the evidence of record is sufficient to satisfy the circumstantial evidence standard and excluded every reasonable hypothesis of innocence.

(ASSIGNMENT OF ERROR # 3)
DO THE SENTENCES EXCEED THE STATUTORY MAXIMUMS AND ARE THE CONDITIONS OF PROBATION LEGAL?

LEGALITY OF SENTENCES
LSA-R.S. 56:124(1)(a)(iii), Hunting From A Moving Vehicle
Our decision to reverse the conviction and sentence imposed under this statute renders as unnecessary any consideration of this issue.
LSA-R.S. 32:292, Hunting Or Discharging A Firearm On A Public Road
Whoever is convicted of hunting or discharging a firearm on a public road shall be fined not more than $50 or imprisoned for not more than 30 days or both. LSA-R.S. 32:292. If a trial judge does not impose a sentence authorized or directed by law, the sentence is illegal. State Ex. Rel. Hebert v. Henderson, 290 So.2d 832 (La. 1974). When a defendant alone appeals and the record contains a patent sentencing error unfavorable to the defendant, the appellate court should recognize and correct the error. State v. Jackson, 452 So.2d 682 (La.1984).
The trial court fined the defendant $350 plus court costs and sentenced him to 60 days in jail. The court also fined him $5.00 under the authority of LSA-R.S. 56:70.3(C).
It is clear that the $350 fine and the 60 day jail term are illegal as they are in excess of the penalties authorized by the statute. The defendant argues that the $5.00 fine is illegal as it amounts to an ex post facto law. This argument is without merit as the statute became effective prior to the occurrence of the offense. LSA-R.S. 56:70.3(C) (Acts 1984, No. 724, § 1, eff. Sept. 3,1984). During the sentencing hearing this trial court expressed the belief that the fine was lawful as the conviction was for hunting violations. However, we take notice that the statute is included as part of the Louisiana Help Our Wildlife Act and the $5.00 is applicable only for criminal convictions which provide for the class violations established in LSA-R.S. 56:31-37. Since the applicable conviction is part of the Louisiana Highway Regulatory Act and provides for no class violations as a penalty, the statute is not applicable. As such, we have an obligation to reverse imposition of the $5.00 fine as it amounts to a patent sentencing error that is unfavorable to the defendant. State v. Jackson, supra.
LSA-R.S. 14:63, Criminal Trespass
The defendant does not challenge the validity of this sentence as the fine of $350 is less than the maximum possible of $500 and the suspended 60 day jail term is less than the 91 day maximum possible term of imprisonment. Although the defendant does not argue that the sentence is excessive, the record establishes that the trial court totally failed to comply with the requirements of LSA-C.Cr.P. art. 894.1 and did not refer to the presentence investigation. The failure to challenge this deficiency, however, renders as unnecessary any further consideration as to the legality of this sentence. Cf. State v. Wimberly, 414 So.2d 666 (La.1982).

*224 CONDITIONS OF PROBATION
When a defendant has been convicted of a misdemeanor, except criminal neglect of family, the court may suspend the imposition of the sentence imposed for a period of two years or such shorter period as the court may specify. LSA-C.Cr.P. art. 894. When the court suspends the imposition of the sentence, it may impose any specific conditions reasonably related to his rehabilitation. LSA-C.Cr.P. art. 895.
The trial court suspended the imposition of all terms of imprisonment and placed the defendant on supervisory probation for a two year period under the following conditions: (1) that his hunting privileges be suspended for the probationary period; and (2) that he pay all fines, costs and fees assessed.
It is clear that the probationary term of two years is within that allowed under the statute as all violations were misdemeanors. LSA-R.S. art. 14:2(4), (6). Also, it is well settled that the payment of court costs and fines is an acceptable condition of probation. State v. Parker, 423 So.2d 1121 (La.1982). The trial court, during the sentencing hearing, expressed the belief that LSA-R.S. 32:292 was a hunting violation. For the reasons previously expressed we conclude that this violation is not a hunting violation as prescribed by LSA-R.S. 56:1 et seq. However, the defendant's conduct is closely connected with the hunting of deer upon public roads and legally posted land and from the totality of circumstances we conclude that this condition is reasonably related to his rehabilitation.

CONCLUSION
The conviction of violation of LSA-R.S. 56:124(1)(a)(iii), as well as the sentence imposed, is REVERSED.
The conviction of violation of LSA-R.S. 32:292 is AFFIRMED. The imposition of the $5.00 fine under LSA-R.S. 56:70.3(C) is REVERSED. The remainder of the imposed sentence is VACATED and REMANDED for resentencing in accordance with law.
The conviction of violation of LSA-R.S. 14:63, as well as the sentence imposed, is AFFIRMED.
The probationary conditions imposed are AFFIRMED.