511 So.2d 1248 (1987)
STATE of Louisiana, Appellee,
v.
Pete BAILEY, Jr., Appellant.
No. 18813-KA.
Court of Appeal of Louisiana, Second Circuit.
August 19, 1987.
Rehearing Denied September 17, 1987.
Davenport, Files & Kelly by Thomas W. Davenport, Jr., Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, James A. Norris, Jr., Dist. Atty., and Earl Cox, Asst. Dist. Atty., Monroe, for appellee.
Before HALL, JASPER E. JONES and LINDSAY, JJ.
JASPER E. JONES, Judge.
The defendant, Pete Bailey, Jr., was convicted of being a felon in possession of a firearm in violation of LSA-R.S. 14:95.1.[1] He appeals asserting the evidence presented at trial is insufficient to support the conviction.
We affirm.

*1249 FACTS
On November 1, 1983, a police officer observed the defendant driving a van. This officer had been made aware by a reliable informant that the defendant was driving under a revoked or suspended driver's license and was also aware the defendant had recently been arrested for this offense. The officer followed the defendant for a short time until the van stopped. The officer then asked the defendant if he had been driving under a revoked and suspended driver's license. The defendant was arrested when he acknowledged that this was true. A passenger traveling with the defendant in the van disembarked by opening the passenger door and the officer noticed two shotguns laying on the console between the driver's and passenger seats. The officer again arrested the defendant and seized the weapons as he was aware the defendant was a felon because the defendant had previously been convicted for a violation of the Controlled Dangerous Substances Law. The state subsequently charged the defendant by bill of information with being a felon in possession of a firearm. The defendant was convicted of this charge as previously related.
The defendant appealed the conviction, originally assigning five assignments of error. Of these, two are urged in this court and the remainder are considered abandoned. State v. Wilson, 469 So.2d 1087 (La.App. 2d Cir.1985), writ den., 475 So.2d 778 (La.1985); Uniform Rules of Louisiana Courts of Appeal, Rule 2-12.4. The defendant's two assignments of error present the following issue for decision: Is the evidence presented at trial sufficient to support the conviction?

Law On The Sufficiency Of The Evidence Needed To Support A Criminal Conviction
The constitutional standard of review for the sufficiency of evidence to support a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the state proved the essential elements of the crime beyond a reasonable doubt. The statutory rule on circumstantial evidence provides that assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence. The circumstantial evidence rule is not a stricter standard of review than the more general reasonable juror's reasonable doubt formula but a helpful methodology for its implementation by an appellate court in cases which hinge on the evaluation of circumstantial evidence. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Outlaw, 485 So.2d 217 (La.App. 2d Cir.1986); LSA-R.S. 15:438. Stated another way, the test is the reasonableness of the ultimate conclusion on the facts and inferences drawn from the facts in a particular case. State v. Woods, 494 So.2d 1258 (La.App. 2d Cir.1986).

Is The Evidence Sufficient To Support The Conviction?
The defendant argues there was no direct evidence presented that he ever handled any of the weapons or that he had actual possession of the shotguns. It is asserted the evidence of constructive possession was that he was physically present in the van containing the weapons and this fact, in and of itself, is insufficient to sustain the conviction as the concept of dominion and control means more than having mere access to visible weapons.
The record shows the police officer testified at trial that when he asked the defendant if he owned the guns the defendant answered affirmatively. The officer also testified the two shotguns were positioned closer to the driver's seat than the passenger seat.
*1250 The defendant testified that prior to the instant situation he was aware that he was subject to arrest for being in possession of a gun. He also testified that when the police officer asked who owned the two shotguns he replied "they're not mine." He admitted he was part owner of the van and was present when the weapons were initially placed in the vehicle earlier in the day. He also acknowledged he had ridden in the vehicle as a passenger shortly thereafter, fully aware the weapons were in the vehicle. Shortly prior to the arrest he was driving the van and was aware that the weapons were laying between himself and his passenger. He related the weapons were laying two feet away and within hand reach. When asked if he could touch the shotguns he replied: "A. Yeah, if I would have reached over, I could have grabbed them by the end of the barrel."
The record also reveals that the defendant was convicted for possession of cocaine on June 16, 1983, a violation of the Controlled Dangerous Substance Law as established by LSA-R.S. 40:967.[2]
We conclude the evidence presented at trial supports the conviction as it excludes every reasonable hypothesis of innocence. It is well settled that constructive possession of a firearm by a convicted felon satisfies the possessory element of LSA-R.S. 14:95.1. State v. Day, 410 So.2d 741 (La.1982). Constructive possession can be established if the weapon is subject to the felon's dominion and control even if it is only temporary in nature. State v. Hills, 451 So.2d 1346 (La.App. 1st Cir.1984), reversed on other grounds, 457 So.2d 1183 (La.1984). A felon is justified in constructively possessing a firearm only in self-defense or in defense of others. State v. Blache, 480 So.2d 304 (La.1985). If there is a reasonable time for the felon to divest himself of the weapon, no matter how it was obtained, he must do so. State v. Grant, 414 So.2d 373 (La.1982). The defendant's admissions establish he was aware that his status as a felony offender for a drug related violation precluded him from possessing a firearm and he actually knew the weapons had been placed in a vehicle of which he was part owner. He admitted traveling in the van on two different occasions on the day of his arrest and actually driving the vehicle shortly prior to the arrest with the weapons at all times being only two feet away from him and within his reach. The defendant's unrestricted and immediate access to visible weapons in a vehicle under his direct ownership and control satisfied the "dominion and control" requirement. Cf., State v. Hills, supra. This is true even if the defendant could be deemed to have shared the dominion and control over the weapons with his passenger. Cf., State v. Cann, 319 So.2d 396 (La.1975).
The defendant was in constructive possession of the weapons at the time of the arrest and the evidence does exclude any other reasonable hypothesis of innocence.

CONCLUSION
The conviction is AFFIRMED.

ON APPLICATION FOR REHEARING
Before MARVIN, JASPER E. JONES, HALL, LINDSAY and FRED W. JONES, JJ.
Rehearing denied.
NOTES
[1] 95.1 Possession of firearm or carrying concealed weapon by a person convicted of certain felonies

A. It is unlawful for any person who has been convicted of first or second degree murder, manslaughter, aggravated battery, aggravated, forcible or simple rape, aggravated crime against nature, aggravated kidnapping, aggravated arson, aggravated or simple burglary, armed or simple robbery, burglary of a pharmacy, burglary of an inhabited dwelling, unauthorized entry of an inhabited dwelling, or any violation of the Uniform Controlled Dangerous Substances Law which is a felony or any crime defined as an attempt to commit one of the above enumerated offenses under the laws of this state, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which, if committed in this state, would be one of the above enumerated crimes, to possess a firearm or carry a concealed weapon ... [emphasis added]
[2] See, State v. Bailey, 452 So.2d 756 (La.App. 2d Cir.1984), writ den., 456 So.2d 161 (La.1984); State v. Bailey, 461 So.2d 336 (La.App. 2d Cir. 1984).