546 So.2d 948 (1989)
STATE of Louisiana
v.
Louis MELBERT.
No. CR88-1187.
Court of Appeal of Louisiana, Third Circuit.
June 28, 1989.
*949 Guy O. Mitchell, Ville Platte, for defendant-appellant.
Richard Vidrine, Asst. Dist. Atty., Ville Platte, for plaintiff-appellee.
Before GUIDRY, FORET and DOUCET, JJ.
GUIDRY, Judge.
On September 19, 1986, appellant, Louis Melbert, was charged by bill of information with possession of a firearm by a convicted felon, a violation of La.R.S. 14:95.1. Appellant was found guilty as charged on November 21, 1986, by a unanimous twelve person jury. Appellant was subsequently sentenced to serve six (6) years at hard labor without benefit of parole, probation or suspension of sentence. Appellant seeks review of his conviction based on three assignments of error.

*950 FACTS
On August 22, 1986, detectives of the Evangeline Parish Sheriff's Office, operating pursuant to information provided by a confidential informer, procured a warrant to search an apartment in Mamou and an automobile for drugs. The warrant alleged an individual from Oakdale, identified as "Lewis", was to arrive at the apartment at approxiately 10:00 p.m. in a white Monte Carlo with cocaine in his possession. The three officers established surveillance of the apartment from an adjacent parking lot. At approximately 10:00 p.m., the vehicle described in the warrant arrived at the apartment complex and the operator, later identified as appellant, Louis Melbert, entered the specific apartment. The detectives knocked at the apartment door and identified themselves as police officers. Upon knocking at the door, the apartment lights were turned off. The officers heard movement within the apartment and heard the toilet flush two times. The officers continued knocking and eventually appellant, the sole occupant of the apartment at the time, opened the door.
After appellant opened the door, he informed the officers he lived at the apartment. He was served with the search warrant and advised of his rights. During the subsequent search of the apartment, the officers seized a semi-automatic pistol which was discovered on the shelf of a bedroom closet. Appellant informed the officers that he was the owner of the gun and had purchased the firearm in Shreveport.
At trial, appellant sought to establish that the firearm seized was neither owned nor constructively possessed by him. Defense counsel elicited testimony from Jennifer Guillory Allison, under whose name the apartment was registered, and her mother that the firearm seized had been purchased by Allison in Alexandria the week before the incident and placed in a bag in the closet. According to Allison, appellant was not aware the gun was kept in the apartment nor did appellant reside at the apartment. Allison who had leased the apartment two weeks prior to the incident, admitted providing appellant with a key to the apartment. Allison's brother explained that men's clothing found in the apartment belonged to him. The brother testified that he stayed at the apartment two or three nights a week and that defendant did not possess an apartment key. Finally, an inmate in the parish jail testified that a detective sought to coerce him into testifying that he had seen appellant in possession of the gun by threatening to arrest Allison for possession of a stolen gun.

ASSIGNMENT OF ERROR NO. 1
Appellant contends that the evidence at trial was insufficient to prove beyond a reasonable doubt that he was a convicted felon in actual or constructive possession of a firearm. He urges that the testimony of defense witnesses establishes that the firearm was purchased by Allison and stored in her apartment without his knowledge.
The standard for appellate review in determining the sufficiency of the evidence is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Edwards, 400 So.2d 1370 (La.1981). The essential elements of the crime of possession of a firearm by a convicted felon are: (1) status as a convicted felon; (2) an instrumentality defined as a firearm; and, (3) physical and/or constructive possession of the firearm by the defendant. State v. Mose, 412 So.2d 584 (La.1982). Constructive possession is sufficient to satisfy the possessory element of the offense. State v. Day, 410 So.2d 741 (La.1982). Constructive possession is established if the weapon is subjected to the person's dominion and control even if it is only temporary in nature and even if control is shared. State v. Bailey, 511 So.2d 1248 (La.App. 2d Cir. 1987).
In the instant case, defense stipulated status as a felon. The prosecution presented three police officers who testified *951 that appellant affirmatively stated the firearm seized belonged to him and that he resided in the apartment where the firearm was seized. Appellant was the sole occupant of the apartment at the time of the police search. The firearm was located on a shelf in a bedroom closet such that appellant had immediate and unrestricted access to the gun. This satisfies the "dominion and control" element. See State v. Bailey, supra. Defense witnesses presented conflicting testimony.
The jury's verdict indicates a credibility determination in favor of the prosecution. Such factual determinations are within the province of the jury and should not be disturbed on review unless clearly contrary to the evidence. State v. Klar, 400 So.2d 610 (La.1981). An admission by a convicted felon as to possession of a firearm has been held sufficient for a conviction under La.R.S. 14:95.1. State v. Bailey, supra; State v. Brooks, 496 So.2d 1208 (La.App. 5th Cir.1986); State v. Gatlin, 445 So.2d 47 (La.App. 4th Cir.1984). Viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found that the State proved all essential elements of the crime beyond a reasonable doubt.
This assignment of error has no merit.

ASSIGNMENT OF ERROR NO. 2
Appellant urges that he was denied effective assistance of counsel at trial. Appellant's assertion is based on the fact that trial counsel was unavailable for sentencing because of unspecified treatment and on representations by appellant of counsel's "strange behavior" at trial. Appellant urges that this matter should be remanded for a factual determination of ineffectiveness of counsel.
A claim of ineffective assistance of counsel is properly raised in a petition for post-conviction relief. Where, however, the record contains evidence necessary to decide the issue and the alleged ineffectiveness is raised on appeal by an assignment of error, the issue should be considered. State v. Seiss, 428 So.2d 444 (La.1983); State v. Tolliver, 464 So.2d 1088 (La.App. 1st Cir.1985). In reviewing a claim of ineffective assistance of counsel, a court should inquire whether counsel violated some duty to the client and, if so, determine whether the defendant was prejudiced in the case by such violation. State v. Berry, 430 So.2d 1005 (La.1983); State v. Hartman, 479 So.2d 948 (La.App. 3rd Cir. 1985), writ denied, 486 So.2d 748 (La.1986), cert. denied, 479 U.S. 843, 107 S.Ct. 156, 93 L.Ed.2d 96 (1986). A claim of ineffectiveness of counsel requires an inquiry into mixed questions of law and fact to determine whether the trial can be relied on as having produced a just result. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Although defense counsel who represented appellant at trial was apparently in California with an unspecified illness at the time of sentencing, it should be noted that sentencing occurred over 19 months after trial because defendant had escaped from custody subsequent to trial. Defendant fails to specify any defects in the performance of counsel at trial nor do any appear in a review of the record. Finding neither deficient performance nor prejudice to appellant, this assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 3
Finally, appellant urges that the trial judge erred in denying a defense challenge for cause of juror, C.J. Bogard. Defendant argues that personal relationships of this juror to officers testifying in the case and the district attorney precluded impartiality and entitled the defense to have the juror excused for cause.
La.C.Cr.P. art. 797 provides in pertinent part:
"The state or the defendant may challenge a juror for cause on the ground that:
* * * * * *
(2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he *952 declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence;
(3) The relationship, whether by blood, marriage, employment, friendship, or enmity between the juror and the defendant, the person injured by the offense, the district attorney, or defense counsel, is such that it is reasonable to conclude that it would influence the juror in arriving at a verdict."
A challenge for cause should be granted, even if the juror declares an ability to remain impartial, when the juror's responses reveal facts from which bias, prejudice or impartiality may be reasonably implied. State v. Albert, 414 So.2d 680 (La.1982). A charge of juror bias may be removed if the prospective juror is rehabilitated, that is, if the court is satisfied that the juror can render an impartial verdict according to the evidence and instructions given by the court. State v. Gibson, 505 So.2d 237 (La.App. 3rd Cir.1987), writ denied, 508 So.2d 66 (La.1987); State v. Mills, 505 So.2d 933 (La.App. 2d Cir.1987), writ denied, 508 So.2d 65 (La.1987). The mere relationship between a prospective juror and a party named in La.C.Cr.P. art. 797(3) is not in itself grounds for a challenge for cause. The facts must reasonably lead to the conclusion that the relationship would influence the juror in arriving at a verdict. State v. Mills, supra. The trial judge is afforded wide discretion in ruling on a challenge for cause and the ruling should not be disturbed absent an abuse of discretion. State v. Brown, 496 So.2d 261 (La.1986); State v. Jones, 474 So.2d 919 (La.1985), cert. denied, 476 U.S. 1178, 106 S.Ct. 2906, 90 L.Ed.2d 992 (1986).
During voir dire, C.J. Bogard was questioned concerning his relationship with parties involved in the prosecution. This juror admitted he "knew" the three officers who were to testify at trial. However, the juror stated he did not know the officers well and did not regularly speak to or socialize with the officers. He stated that his familiarity with the officers would not cause him to give preference or added credibility to their testimony. The juror expressed an ability to "give an honest decision" and to base credibility on the officers' demeanor while testifying. Bogard also acknowledged a relationship with the parish district attorney but stated the two were "not close". The juror, who is the manager of a local gas company, stated the district attorney's law firm had been consulted for legal advice by the gas company. However, the juror stated these consultations occurred "a long time" in the past. The juror assured the court this business relationship would not influence his assessment of credibility of any witness nor would it affect his verdict. Finally, the juror acknowledged an appreciation of the presumption of innocence, appellant's right to not testify and stated that his conscience would permit a fair and just decision.
We discern no error. The juror unequivocally stated his attenuated relationship with the district attorney and the police officers would not affect his impartiality nor would it result in his granting unfair preference to testimony of the State's witnesses. The trial judge did not abuse his discretion in concluding that the juror could be impartial in his deliberations. The record supports the ruling of the trial court.
For these reasons, defendant's conviction and the sentence imposed are affirmed.
AFFIRMED.