661 So.2d 657 (1995)
STATE of Louisiana, Appellee,
v.
Willie J. TATUM, Appellant.
No. 27,301-KA.
Court of Appeal of Louisiana, Second Circuit.
September 27, 1995.
*659 Arthur Gilmore, Jr., Monroe, for appellant.
Jerry Jones, District Attorney, Madeleine Slaughter, Assistant District Attorney, Monroe, for appellee.
Before NORRIS and BROWN, JJ., and PRICE, J. Pro Tem.
BROWN, Judge.
Defendant Willie Tatum, was charged with possession of a firearm by a convicted felon, a violation of LSA-R.S. 14:95.1. A jury convicted defendant of the responsive verdict of attempted possession of a firearm and the trial court sentenced him to four years imprisonment at hard labor. Defendant appeals his conviction and sentence. We affirm.

FACTS
On Friday, December 10, 1993, at approximately 11:14 p.m., Officer Michael Gray of the West Monroe Police Department observed defendant, Willie Tatum, driving a late model pickup truck in an erratic manner. Upon stopping defendant, Officer Gray smelled alcohol and noted defendant's bloodshot and watery eyes. Defendant failed a field sobriety test. Defendant, who was arrested for D.W.I. and reckless operation of a vehicle, was placed in the back of the officer's patrol car.
Officer David May arrived at the scene shortly after the stop and secured defendant's truck. The driver's side door was open and, with the aid of a flashlight, Officer May observed a shotgun on the floorboard under the driver's seat. Officer Gray also viewed the interior of the truck and saw the butt of a 30/30 lever action rifle protruding from the edge of the seat.
A criminal history check on defendant revealed a prior conviction for aggravated battery in 1985. Defendant was thereafter charged with the possession of a firearm by a felon.
At trial, defendant admitted ownership of the truck but testified that he did not know the two guns were in the truck until shortly before he was stopped by the police. According to defendant, he discovered the weapons when they slid out from under the seat as he went over a speed bump in the parking lot of Church's Fried Chicken. Defendant testified that he unloaded the rifle and placed both guns back under the seat. He assumed that the guns belonged to Carl Moffett, who he claimed had borrowed his truck to go hunting on the previous day, Thursday, December 9th. According to defendant, 30 to 40 minutes passed between his discovery of the weapons and his stop by Officer Gray. Defendant stated that he was going to a cousin's house to leave the guns when he was stopped. Defendant further stated that because he was on parole, he knew he was not supposed to be in possession of firearms.
Carl Moffett testified that he borrowed defendant's truck to go deer hunting some time in early December. Moffett was unable to remember the date, but stated that he believed it was a Saturday, which was his day off. According to Moffett, he went hunting with three friends, including defendant's brother. None of these friends, however, testified. When Moffett returned defendant's truck, he left his rifle and shotgun in the vehicle. Moffett identified the two guns found in defendant's truck as his, though they were not registered in his name.
The state introduced Moffett's employment records, which showed that he had worked 9½ hours on December 9, 1993. Evidence was also introduced which showed that deer could only be hunted with a muzzleloader between December 6th and December 10th. *660 Thus, it was illegal to hunt deer with a rifle or shotgun on December 9th.
The jury convicted defendant of attempted possession of a firearm by a convicted felon. After reviewing a pre-sentence investigation report, the trial court sentenced defendant to four years imprisonment at hard labor with credit for time served and ordered the sentence to be served consecutively with any prior sentence. Defendant's motion to reconsider the sentence was denied by the trial court and this appeal ensued.

DISCUSSION
Defendant argues that the evidence is insufficient to prove beyond a reasonable doubt that he had the specific intent required to support a conviction for attempted possession of a firearm by a felon.
The standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, a rational juror could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir.1992), writ denied, 605 So.2d 1089 (La.1992).
To support a conviction of possession of a firearm by a convicted felon, the state must prove beyond a reasonable doubt possession of a firearm; prior conviction of any enumerated felony within the ten year statutory time limitation; and general intent to commit the offense. State v. Husband, 437 So.2d 269 (La.1983); State v. Washington, 605 So.2d 720 (La.App.2d Cir.1992), writ denied, 610 So.2d 817 (La.1993).
The charged offense is a general intent crime. To sustain a conviction for attempted possession of a firearm by a convicted felon, however, the state is required to prove that defendant had the specific intent to possess the weapon(s) and that he committed an overt act towards the completion of that offense. LSA-R.S. 14:27. (Emphasis added). Specific intent is the state of mind that exists when the circumstances indicate that the offender actively desired the prescribed consequences to follow his act or failure to act. LSA-R.S. 14:10(1). Because intent is a state of mind, it can be inferred from the circumstances of the transaction and the action or inaction of defendant. State v. Johnson, 584 So.2d 1216 (La.App. 2d Cir.1991), writ denied, 589 So.2d 1057 (La. 1991).
Attempt, however, is a responsive verdict to the charged offense. A jury has the prerogative to compromise and render a lesser verdict whenever it could have convicted as charged. The evidence in this case was sufficient to convict as charged. State ex rel. Elaire v. Blackburn, 424 So.2d 246, 251 (La. 1982), states:
[i]f the defendant does not enter an objection (at a time when the trial judge can correct the error), then the reviewing court may affirm the conviction if the evidence would have supported a conviction of the greater offense, whether or not the evidence supports the conviction of the legislatively responsive offense returned by the jury.
The defense did not object to the instructions on responsive verdict in this case. Additionally, however, we note that the evidence was sufficient to prove the specific intent required for a conviction of the lesser and responsive attempt verdict.
Defendant admitted his previous conviction for aggravated battery and that he was on parole at the time of his arrest. The guns were found in defendant's truck. Defendant was the sole occupant of the vehicle at the time he was stopped. Moffett's and defendant's testimony concerning how the guns came to be in the truck was discredited. It was within the jury's discretion to weigh their credibility and reject their claim. We are obliged to review the evidence in the light most favorable to sustain the jury verdict. Under these circumstances, a rational juror could have found that defendant possessed the requisite intent.
Even if defendant's statement was accepted by the jury, he had complete control and dominion over the guns and had the opportunity to dispose of the weapons or to relinquish his possession of them. Defendant *661 discovered the guns 30 to 40 minutes prior to his arrest. If there is a reasonable time for a felon to divest himself of possession of a weapon, no matter how it was obtained, he must do so. State v. Grant, 414 So.2d 373 (La.1982); State v. Bailey, 511 So.2d 1248 (La.App. 2d Cir.1987), writ denied, 519 So.2d 132 (La.1988). Instead of removing the guns from his vehicle, defendant knowingly drove his truck for 30 to 40 minutes with the weapons under the seat. The facts are sufficient to establish that defendant actively desired to possess the weapons, even if for a short period of time.
Defendant also argues that his state of intoxication precluded the presence of any intent. LSA-R.S. 14:15(2). Intoxication to the degree that it precludes the ability to form the necessary specific criminal intent is an affirmative defense and defendant has the burden of proving such intoxication at the time of the offense. State v. Hopkins, 626 So.2d 820 (La.App. 2d Cir.1993); State v. Lott, 574 So.2d 417 (La.App. 2d Cir.1991), writ denied, 580 So.2d 666 (La.1991).
Defendant testified that he drank alcohol the evening that he was arrested. Officer Gray stated that defendant failed the field sobriety test. There was no evidence, however, of what or how much defendant had to drink the night he was arrested. The evidence does not indicate that defendant was so drunk that he was unable to form the requisite specific intent to possess the weapons.
Viewing the evidence in the light most favorable to the state, a reasonable juror could have concluded beyond a reasonable doubt that defendant did have the specific intent to possess the guns (even if for a short period of time), and that driving the truck with the weapons inside was an overt act in furtherance of his intent.
Defendant's remaining assignments of error urge that the trial court imposed an excessive sentence.
The statutory maximum sentence for attempted possession of a firearm by a convicted felon is five years. LSA-R.S. 14:95.1 & 27. At the sentencing hearing, the trial court noted that the sentencing guidelines recommended a minimum sentence of 24 months and a maximum sentence of 30 months. The court, stating that it was rejecting the guidelines, sentenced defendant to four years imprisonment at hard labor with credit for time served. The sentence was ordered to run consecutively with any prior sentence. Defendant filed a motion to reconsider the sentence, which was denied by the trial court.
A trial court may choose not to follow the guidelines, even in the absence of aggravating or mitigating circumstances. State v. Smith, 93-0402 (La. 07/05/94), 639 So.2d 237; State v. Tuttle, 26,307 (La.App. 2d Cir. 09/21/94), 643 So.2d 304. While a trial court must consider the guidelines, it has complete discretion to reject them and impose any sentence which is not constitutionally excessive, so long as the sentence is within the statutory range for the crime of conviction and the judge states for the record the considerations and factual basis for the imposition of that particular sentence. State v. Smith, supra; State v. Tuttle, supra.
The record clearly shows that the trial judge considered the sentencing guidelines. The court noted that in 1984, defendant was charged with attempted second degree murder and was convicted of aggravated battery. At the time of his prior conviction, defendant was a suspect in other firearm-related offenses. Defendant was released from prison to a halfway house on the previous offense, but was returned to prison when he violated the rules of the halfway house by drinking. The current offense also involved the consumption of alcohol. The trial court noted that the evidence in this case proved the completed offense of possession of a firearm by a convicted felon and opined that the jury would have been justified in finding defendant guilty as charged.
Because the record reflects the trial court's consideration of the sentencing guidelines, its' reasons and the factual basis for the sentence imposed, this court's review is limited to the question of constitutional excessiveness without regard to whether the trial judge employed or deviated from the guidelines. State v. Smith, supra; State v. Tuttle, supra.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we *662 do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Thompson, 25,583 (La.App. 2d Cir. 01/19/94), 631 So.2d 555.
The maximum sentence for attempted possession of a firearm by a convicted felon is five years. We cannot say that defendant's sentence is an abuse of the trial court's discretion. See State v. Lindsey, 583 So.2d 1200 (La.App. 1st Cir.1991), writ denied, 590 So.2d 588 (La.1992), in which the court found no abuse of discretion in imposing a five year sentence for attempted possession of a firearm by a felon.

CONCLUSION
Defendant's conviction and sentence are AFFIRMED.[1]
NORRIS, J., concurs in the result.
NOTES
[1] The trial court did not impose the mandatory statutory fine, nor was the sentence imposed without benefit of probation, parole or suspension of sentence as required by LSA-R.S. 14:95.1(B). Thus, in effect, the trial court imposed an illegally lenient sentence. However, absent timely complaint by the state or defendant, this court will not correct such a sentence. LSA-C.Cr.P. Art. 882; State v. Fraser, 484 So.2d 122 (La.1986); State v. Moore, 26,329 (La.App. 2d Cir. 08/17/94), 642 So.2d 679.