CARAWAY, J.
__[iAaron McKinney was convicted of possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1. He was sentenced to serve 10 years at hard labor without benefit of probation, parole, or suspension of sentence and to pay a fine of $1,000. The defendant now appeals. The defendant’s conviction and sentence are affirmed.

Facts

On June 8, 2007, Detectives Shannon Mack, Allison Azlin, and Shawna Rellin of the Shreveport Police Department’s property crimes division were traveling in an unmarked police vehicle on 1-49 returning to police headquarters. While on the highway, they observed the defendant, Aaron Shawn McKinney, driving a Ford Crown Victoria with registration tags that had been previously reported as stolen. The detectives took steps to initiate a traffic stop to inquire about the stolen tag by radioing for a marked patrol car. They followed behind the defendant’s vehicle to the intersection of 1-49 and 1-20 where a patrol car waited.
Corporal Barry Hornsby responded to the detectives’ radio call and pursued the two vehicles after they passed him at the interchange. Upon first seeing Corporal Hornsby’s stationary unit at the interchange, Detectives Mack and Azlin observed the defendant immediately reach several times into the backseat of the passenger side of his vehicle.
Corporal Hornsby initiated a traffic stop on the defendant and asked the defendant for his license, insurance, and registration information. McKinney informed the officer that he did not have his license, that the car [2belonged to him, and that his insurance information was in the glove compartment. Meanwhile, the three detectives approached the defendant’s vehicle to provide assistance to Corporal Hornsby. They recognized McKinney from previous criminal incidents.
Since the defendant did not have his license, Corporal Hornsby told him to exit the vehicle, and Detective Azlin performed a patdown on the defendant. McKinney gave Detective Mack permission to retrieve the insurance information from the glove compartment of his vehicle. As Detective Mack went to collect the insurance information, Detective Azlin asked the defendant about his movements in the car that she observed before he was stopped. The defendant explained that he had leaned over to avoid spilling his soda.
Detective Mack did not find insurance information in the glove compartment; instead, she found several bullets. She also observed a drink on the floorboard of the front passenger seat. With the discovery of the bullets, Detective Mack asked McKinney for the location of the gun that complemented the bullets and asked if the defendant was a convicted felon. The defendant stated that he was a convicted felon and that he did not know the location of a handgun.
Detective Mack returned to the car to perform a more thorough search. She went to the back passenger side of the vehicle and noticed that the cushion on the passenger side of the backseat appeared disheveled. Upon further inspection Detective Mack saw that the cushion was completely dislodged and was situated at an angle. She lifted the seatpcushion and discovered a handgun. The gun was later determined to match the bullets in the glove compartment. McKinney was ar *424 rested for possession of a firearm as a convicted felon.
The handgun was not checked for fingerprints or other DNA evidence. Lieutenant Owen McDonnell, an officer with the crime scene investigation division, testified that even if the handgun had been processed, fingerprints would probably not have been recovered from the weapon because of the type of metal used to make it. The handgun was not stolen and had been purchased by the defendant’s mother three days before the arrest.
A bill of information was filed on April 1, 2008, charging the defendant with possession of a firearm while a convicted felon, a violation of La. R.S. 14:95.1, based on a predicate conviction in 2003 for possession of cocaine.
At trial, defendant based his defense on testimony by his mother. The defendant’s mother, Barbara McKinney, explained that she had purchased the handgun for protection three days before the traffic stop. On the day of the stop, she carried the handgun with her when she went to resolve an altercation with the defendant’s girlfriend. Because her car was broken, she used the defendant’s vehicle. Her sister and two-year-old grandchild went with her to resolve the altercation. Before arriving at the home of the defendant’s girlfriend, Ms. McKinney, feeling nervous at the police patrolling the area, placed the handgun’s bullets in the glove compartment and the loaded handgun underneath the backseat driver’s side cushion with |4her grandchild who was not secured by a car seat. She explained that she did not place the loaded handgun in the glove compartment because her grandchild was a “busy body” and liked to “climb all over the seats.” When the altercation did not occur, Ms. McKinney returned home and left the handgun and bullets in the car. She did not remember the handgun and bullets in the car until after the defendant had left with his vehicle. She continuously called the defendant, but he did not answer his cell phone. Eventually, she called the defendant and an officer answered the phone and told her that the defendant was in custody.
After a two-day jury trial, the jury, in a 10-2 verdict, found McKinney guilty as charged. The defendant filed a motion for post-judgment verdict of acquittal on the basis of the veracity of Detective Mack’s testimony. Specifically, the defendant argued that Detective Mack’s testimony at trial concerning defendant’s movements towards the backseat of the vehicle conflicted with an audio recording where she stated that the defendant was merely fidgeting. The trial court denied the defendant’s motion, holding that the evidence supported the conviction.
The defendant waived sentencing delays and was sentenced to serve 10 years at hard labor without benefit of probation, parole, or suspension of sentence. He was also ordered to pay a fine of $1,000. Before imposing sentence, the trial court considered the severity of the mandatory minimum sentencing range in light of the nature of the crime, the defendant’s age of 27 years, his family, his pending charges, and his previous criminal history.
[fiThe defendant was informed of his rights to appeal and to post-conviction relief. He then filed the instant appeal.

Discussion

McKinney argues that the evidence was insufficient to convict him because it did not prove his constructive possession of the handgun. He claims a lack of evidence of his knowledge that the handgun was in the vehicle. McKinney specifically points to the following facts to show that he lacked constructive possession of the handgun: (1) the handgun was legally pur *425 chased and owned by his mother, (2) his mother explained at trial that she inadvertently left the handgun in his car, (3) the drink found on the floor of the front seat supports his explanation of his movements before being stopped, and (4) he voluntarily allowed the police officers to search the glove compartment where the bullets were found.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Tate, 01-1658 (La.5/20/03), 851 So.2d 921, cert. denied, 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004); State v. Cummings, 95-1377 (La.2/28/96), 668 So.2d 1132; State v. Murray, 36,137 (La.App. 2d Cir.8/29/02), 827 So.2d 488, writ denied, 02-2634 (La.9/05/03), 852 So.2d 1020. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own | ^appreciation of the evidence for that of the fact finder. State v. Pigford, 05-0477 (La.2/22/06), 922 So.2d 517; State v. Robertson, 96-1048 (La.10/4/96), 680 So.2d 1165. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Hill, 42,025 (La.App. 2d Cir.5/9/07), 956 So.2d 758, unit denied, 07-1209 (La.12/14/07), 970 So.2d 529.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Parker, 42,311 (La.App. 2d Cir.8/15/07), 963 So.2d 497, unit denied, 07-2053 (La.3/7/08), 977 So.2d 896; State v. Owens, 30,903 (La.App. 2d Cir.9/25/98), 719 So.2d 610, unit denied, 98-2723 (La.2/5/99), 737 So.2d 747.
To prove possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1, the state must establish beyond a reasonable doubt (1) the defendant possessed a firearm, (2) a previous conviction of an enumerated felony, (3) the absence of the 10-year period of limitation, and (4) general |7intent to commit the offense. La. R.S. 14:95.1; State v. Husband 437 So.2d 269 (La.1983); State v. Tatum, 27,-301 (La.App. 2d Cir.9/27/95), 661 So.2d 657.
An offender has general criminal intent when the circumstances indicate that he must have known the prescribed criminal consequences were reasonably certain to result from his act or failure to act. La. R.S. 14:10. General intent to commit the offense of possession of a firearm by a convicted felon may be proven through the actual possession of the firearm or through the constructive possession of the firearm. State v. Johnson, 03-1228 (La.4/14/04), 870 So.2d 995, 998. Constructive possession of a firearm occurs when the firearm is subject to the defendant’s dominion and control. A defendant’s dominion and control over a weapon constitutes constructive possession even if *426 it is only temporary and even if the control is shared. State v. Bailey, 511 So.2d 1248, 1250 (La.App. 2d Cir.1987), writ denied, 519 So.2d 132 (La.1988). Constructive possession entails an element of awareness or knowledge that the firearm is there and the general intent to possess it. State v. Kennedy, 42,258 (La.App. 2d Cir.8/15/07), 963 So.2d 521, 527.
In this case, the only issue is whether McKinney had constructive possession of the handgun. The defense rested primarily on the fact that the gun had been purchased by defendant’s mother three days before the traffic stop which led to the arrest. An invoice from a pawn shop was presented in evidence, and it identified the serial number of the gun which was listed as sold to Barbara Ann McKinney. The state did not contest the gun’s |Rownership by McKinney’s mother. Rather, the state sought to show McKinney’s actual and/or constructive possession of the gun during the time that his vehicle was being followed by the officers in the unmarked car and upon the stop of the vehicle.
The testimony of Detective Mack established significant circumstantial evidence of McKinney’s knowledge of the weapon in the vehicle prior to the stop. The detective saw McKinney reach “back in the backseat quickly and s[i]t back up,” and continue to lean over a couple of times as she followed in the unmarked car waiting for the stop. This movement by McKinney in the vehicle was corroborated by Detective Azlin’s testimony. McKinney’s movement toward the backseat refutes his claim to have been trying to keep a drink found in the front seat from spilling over. Additionally, Detective Mack’s description of the backseat which she first examined was that the single cushion seat “was completely dislodged.”
Likewise, the jury’s obvious rejection of McKinney’s mother’s testimony is reasonably supported by the record. Glaring inconsistencies existed between Detective Mack’s discovery of the gun in the passenger side of the cushion and McKinney’s mother’s claim that she placed the gun under the driver’s side of the cushion. Moreover, the jury could have reasonably considered her account of placing the loaded gun under the back seat of the car where her unrestrained grandchild sat as beyond belief.
When viewed in the light most favorable to the state, this circumstantial evidence was sufficient to show beyond a reasonable doubt |3that the defendant was aware of the firearm and, consequently, had constructive possession of the weapon. The officers’ pre-stop observations of McKinney and Detective Mack’s discovery of the dislodged cushion which covered the hidden weapon circumstantially indicate that McKinney placed the gun under the seat upon seeing the patrol car. From this evidence, the jury could have reasonably inferred beyond a reasonable doubt that McKinney, as the vehicle’s owner, must have been aware of the gun’s location in his vehicle and tried to hide it when he first noticed the patrol car. This assignment of error has no merit.
For the foregoing reasons, McKinney’s conviction and sentence are affirmed.
AFFIRMED.