605 So.2d 720 (1992)
STATE of Louisiana, Appellee,
v.
Billy Joe WASHINGTON, Appellant.
No. 24055-KA.
Court of Appeal of Louisiana, Second Circuit.
September 23, 1992.
*721 Indigent Defender Office by Richard E. Hiller, Shreveport, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Greg Munson, Tommy J. Johnson, Asst. Dist. Attys., Shreveport, for appellee.
SEXTON, Judge.
The defendant, Billy Joe Washington, was convicted by a jury as charged with possession of a firearm by a convicted felon, in violation of LSA-R.S. 14:95.1. The defendant was then sentenced to six years imprisonment at hard labor without benefit of probation, parole, or suspension of sentence and ordered to pay a fine of $1000, in default of which defendant was ordered to serve an additional year in the parish jail.
On appeal, the defendant alleges that there was insufficient evidence to support his conviction and that his sentence is excessive. A third assignment of error regarding the introduction of other crimes evidence has not been briefed and will therefore be considered abandoned. State v. Schwartz, 354 So.2d 1332 (La.1978); URCA 2-12.4. We find sufficient evidence to support defendant's conviction and further find that the sentence imposed is not excessive. However, we find the imposition of jail time in default of the payment of the fine is impermissible. Accordingly, we affirm defendant's conviction, amend the sentence to vacate the default time and, as amended, affirm the sentence.
At approximately 11:00 a.m. on July 5, 1991, the defendant was a passenger in a red and black Cadillac being driven by Ricky Davis. Two Shreveport police detectives spotted the vehicle and suspected it as being used by Patrick Lewis in a previous, unrelated crime. The detectives followed the vehicle until it stopped and Davis and the defendant exited.
The two detectives requested Davis and the defendant to stop and answer some questions. During the questioning, defendant gave his name as Bobby Joe Riggs. One of the detectives approached the Cadillac and noticed, in plain view on the floorboard on the passenger side of the vehicle, a Glock 9 mm pistol. Davis gave the detectives consent to search the vehicle which resulted in the recovery of a second firearm, a .25 caliber Raven pistol, found between the driver and passenger seats.
Defendant initially argues that there was insufficient evidence to support the conviction. *722 The standard of review for the sufficiency of the evidence is whether, viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found that the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Nealy, 450 So.2d 634 (La. 1984).
As this case involves circumstantial evidence, we note that the rule as to circumstantial evidence is that, assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence. LSA-R.S. 15:438. However, this statutory rule for circumstantial evidence does not provide a separate test from the Jackson v. Virginia standard to be applied instead of a sufficiency of the evidence test whenever the state relies on circumstantial evidence to prove an element of the crime. State v. Wright, 445 So.2d 1198 (La.1984); State v. Eason, 460 So.2d 1139 (La.App.2d Cir. 1984), writ denied, 463 So.2d 1317 (La. 1985). Although the circumstantial evidence rule may not establish a stricter standard of review than the more general rational juror's reasonable doubt formula, it emphasizes the need for careful observance of the usual standard and provides a helpful methodology for its implementation in cases which hinge on the evaluation of circumstantial evidence. State v. Wright, supra; State v. Chism, 436 So.2d 464 (La. 1983). Ultimately, all evidence, both direct and circumstantial, must be sufficient under Jackson v. Virginia to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. State v. Wright, supra; State v. Eason, supra.
Under LSA-R.S. 14:95.1, to convict defendant of possession of a firearm by a convicted felon, the state was required to prove beyond a reasonable doubt (1) possession of a firearm; (2) previous conviction of an enumerated felony; (3) absence of the ten-year statutory period of limitation; and (4) general intent to commit the offense. State v. Husband, 437 So.2d 269 (La.1983); State v. Lewis, 535 So.2d 943 (La.App.2d Cir.1988), writ denied, 538 So.2d 608 (La.1989), cert. denied, 493 U.S. 963, 110 S.Ct. 403, 107 L.Ed.2d 370 (1989).
Defendant concedes that the state proved that he had been convicted of possession of cocaine on February 8, 1991. A violation of the Uniform Controlled Dangerous Substances Act, such as possession of cocaine, is one of the enumerated felonies under LSA-R.S. 14:95.1 and clearly, the statutory limitation period of ten years has not elapsed.
Defendant argues that there was insufficient evidence that he was in possession of the firearms. Defendant notes that he did not own the Cadillac, he was not the driver of the car, and neither of the firearms was traced to him. Ricky Davis, the driver of the Cadillac, testified that he had picked the defendant up shortly before they were spotted by the law enforcement officers and he did not notice defendant in possession of a firearm.
Notwithstanding defendant's argument, we find sufficient evidence that defendant was in at least constructive possession of a firearm. Constructive possession, as opposed to actual possession, is sufficient to satisfy the possession element of LSA-R.S. 14:95.1. State v. Day, 410 So.2d 741 (La.1982); State v. Lewis, supra. Constructive possession occurs when the firearm is subject to the defendant's dominion and control. State v. Lewis, supra; State v. Frank, 549 So.2d 401 (La.App. 3rd Cir.1989). A defendant's dominion and control over a weapon is sufficient to constitute constructive possession even if it is only temporary in nature and even if the control is shared. State v. Bailey, 511 So.2d 1248 (La.App.2d Cir.1987), writ denied, 519 So.2d 132 (La.1988); State v. Melbert, 546 So.2d 948 (La.App. 3rd Cir.1989).
In the instant case, the state clearly proved beyond a reasonable doubt the defendant's constructive possession of the Glock pistol. This firearm was found on the floorboard of the passenger side of the Cadillac. From the position of the pistol, the person in the passenger seat, the defendant, while seated in the car, would likely have had his feet touching the pistol and *723 surely had to have been aware of the gun's presence. Davis testified that he did not stop the car suddenly, negating the possibility that the pistol slid out from under the passenger seat upon stopping. Further, we note that the defendant gave a fictitious name to the two detectives; such a misrepresentation is evidence of defendant's guilty mind. State v. Captville, 448 So.2d 676 (La.1984); State v. McFadden, 476 So.2d 413 (La.App.2d Cir.1985), writ denied, 480 So.2d 739 (La.1986). With the Glock pistol under defendant's feet while he was in the car, a fact of which we find the defendant must have been aware, the defendant had dominion and control over the weapon and, accordingly, constructive possession. We find sufficient evidence to support the conviction.
By defendant's remaining assignment of error, he complains that the six-year hard labor sentence and $1000 fine constitute an excessive sentence. The penalty for possession of a firearm by a convicted felon is between three years and ten years at hard labor without benefit of probation, parole, or suspension of sentence, plus a fine of from $1000 to $5000. Defendant's six-year sentence is within the mid-range of possible sentences, and the fine imposed is the minimum possible.
The initial inquiry in determining the excessiveness of a sentence is to determine whether the trial court has adequately considered the sentencing guidelines of LSA-C.Cr.P. Art. 894.1. State v. Smith, 433 So.2d 688 (La.1983). A review of the record reveals the trial court's adequate compliance with Art. 894.1, a point not disputed by the defendant. Rather, defendant complains that his sentence is unconstitutionally excessive pursuant to LSA-Const. Art. 1, § 20.
Defendant correctly notes that there were mitigating factors in his case. However, the trial court clearly considered these factors prior to imposition of sentence. Defendant is only 19 years of age, a high school graduate, and the father of a 2-year-old daughter. Defendant supports his daughter and the trial court noted that defendant's imprisonment would result in hardship to his daughter, as well as the child's mother, defendant's girlfriend. Additionally, defendant has been attending alcohol and drug treatment sessions.
However, the trial court further considered defendant's prior felony conviction for possession of cocaine. That conviction stemmed from defendant's arrest following an altercation with a 15-year-old boy. During an argument, the defendant threatened to kill the 15-year-old, brandished a.25 caliber handgun, and fired it into the air. The police were called, defendant fought with the police, and was finally arrested. A search incident to that arrest found 19 rocks of crack cocaine in defendant's coat pocket. Defendant pled guilty to a charge of illegal discharge of a weapon and possession of cocaine, reduced from possession with intent to distribute. The defendant was still on probation for this earlier felony conviction when he committed the instant crime.
Finally, the trial court noted the circumstances of the instant offense, which indicate defendant has not abandoned his propensity for coupling firearms with controlled dangerous substances. Defendant was a passenger in a vehicle in which two firearms were present, including one located immediately under his feet. Further, the detectives recovered a plastic baggie suspected of containing cocaine and a marijuana cigarette from the hood of the Cadillac near where the defendant was standing after he exited the automobile.
Based on these factors, the trial court found the defendant to be in need of correctional treatment and that defendant's attitude indicated he would likely commit another crime.
In light of defendant's commission of this crime while still on probation for his earlier crime and the fact that defendant appears to remain involved with both firearms and controlled dangerous substances, we do not find the mid-range six-year hard labor sentence to be an abuse of discretion. The sentence imposed is not excessive, and we note that it is commensurate with other reported sentences. See State v. Vailes, 564 So.2d 778 (La.App.2d Cir.1990); State *724 v. Lewis, supra; State v. Lindsey, 583 So.2d 1200 (La.App. 1st Cir.1991), writ denied, 590 So.2d 588 (La.1992); and State v. Collins, 461 So.2d 384 (La.App. 4th Cir. 1984).
However, we note that the trial court imposed an additional one-year jail term should defendant default on the payment of his fine. The defendant was represented by appointed counsel both at trial and on appeal. The record indicates that defendant has been and continues to be indigent. It is constitutionally impermissible to subject an indigent to further incarceration because of his inability to pay a fine. Where, as here, the defendant's apparent indigency can be discerned from the record, the imposition of the default time is to be vacated. State v. Monson, 576 So.2d 517 (La.1991).
Accordingly, the defendant's conviction is affirmed. As to defendant's sentence, we delete the one year in jail in default of payment of the fine. In all other respects, defendant's sentence is affirmed.
CONVICTION AFFIRMED, SENTENCE AMENDED AND, AS AMENDED, AFFIRMED.