hWILLIAMS, Judge.
The defendant, Henry Turner, was charged by bill of information with possession of an unregistered firearm, a violation of LSA-R.S. 40:1785. After a jury trial, the defendant was found guilty as charged. The trial court sentenced defendant to serve an agreed term of four years at hard labor. The defendant appeals and urges that the evidence produced at trial was insufficient to support his conviction. For the following reasons, we affirm.
FACTS
On August 22,1995, narcotics agents of the Caddo Parish Sheriffs Office, while executing a search warrant, lawfully entered a Shreveport apartment which was leased to Emma Arthur. The officers seized a sawed-off shotgun from a pantry in the apartment. During the search, Arthur arrived at the residence, she was advised of her Miranda rights and stated that she resided in the apartment with the defendant. Arthur later signed a written statement that the weapon belonged to defendant, who was subsequently arrested at his place of employment.
Following his arrest, defendant signed a written statement indicating that he had received the shotgun from Beverly Mayo after loaning her money, and had placed the gun in *963 the pantry. The defendant was charged with possession of an unregistered weapon. After a trial, the defendant was convicted as charged. Prior to sentencing, defendant pled guilty to perjury for testifying falsely about his place of residence at the time of the instant offense. The trial court sentenced defendant to serve concurrent agreed terms of four years at hard labor for the possession of an unregistered weapon conviction, and three years at hard labor for the perjury offense. The defendant appeals his firearm conviction.
DISCUSSION
The defendant argues that the evidence produced at trial was insufficient to |2support his conviction. Defendant contends that the state failed to establish that the seized weapon had not been registered.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Anderson, 29,282 (La.App.2d Cir.6/18/97), 697 So.2d 651.
LSA-R.S. 40:1785 provides:
No person shall receive, possess, carry, conceal, buy, sell or transport any firearm which has not been registered or transferred in accordance with this Part.
Actual or constructive possession is sufficient to satisfy the required statutory element. State v. Day, 410 So.2d 741 (La.1982); State v. Washington, 605 So.2d 720 (La.App. 2d Cir.1992), writ denied, 610 So.2d 817 (La.1993). Constructive possession occurs when a firearm is subject to defendant’s dominion and control. State v. Washington, supra. A person’s dominion and control over a weapon constitutes constructive possession even if such control is only temporary in nature or is shared. State v. Wesley, 28,941 (La.App.2d Cir.12/13/96), 685 So.2d 1169.
Here, in a prior written statement and during his trial testimony, the defendant admitted that he received the shotgun from Mayo and placed the weapon in the apartment pantry. Defendant also testified that if Mayo had wanted to retrieve the gun, she would have obtained it from him, indicating that defendant exercised control over the weapon. A security guard who worked on the premises testified that the defendant had been residing at the apartment from which the shotgun was seized. Considering the foregoing testimony, the state sufficiently _Jsproved the defendant’s constructive possession of the firearm.
In reference to the registration element, a stipulation was read into the record stating that neither defendant nor Beverly Mayo had ever registered the sawed-off shotgun, regulated as a “firearm” under LSA-R.S. 40:1781, with the Department of Public Safety. Computer records introduced into evidence show that such a weapon had not been registered by anyone with the name of Turner or Mayo. The defendant argues that despite the stipulation, the state failed to produce evidence that the shotgun had not been registered previously by someone else, and thus did not prove a required element of the charged offense. We disagree.
R.S. 40:1785 provides that a person shall not possess a firearm unless it has been registered in accordance with Title 40, Chapter Nine, Part II. This language indicates that Section 1785 should be read together with LSA-R.S. 40:1783, which establishes the requirement that every person “possessing a firearm shall register” with the Department of Public Safety the identification number of the weapon, his name, address, place of employment and the firearm’s location. As previously noted, the facts demonstrate that defendant possessed the shotgun, which he admittedly did not register with the state, as required by Section 1783.
Viewing all of the evidence in the light most favorable to the prosecution, we find that the jury could have reasonably concluded that the defendant was in possession of a firearm which he failed to register in accordance with the law. Therefore, the record supports the defendant’s conviction-for possession of an unregistered weapon. The assignment of error lacks merit.
*964 We have reviewed the record for error patent and found none.
The defendant’s conviction and sentence are affirmed.
AFFIRMED.