839 So.2d 1247 (2003)
STATE of Louisiana, Appellee,
v.
Ean Lavar JOHNSON, Appellant.
No. 36,854-KA.
Court of Appeal of Louisiana, Second Circuit.
March 14, 2003.
Rehearing Denied April 3, 2003.
*1249 Indigent Defender Board, by William R. Warren, Louisiana Appellate Project, by James E. Beal, Jonesboro, for Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, C. Sherburne Sentell, III, Jason T. Brown, Assistant District Attorneys, for Appellee.
Before WILLIAMS, STEWART and GASKINS, JJ.
STEWART, J.
The defendant, Ean Lavar Johnson, was convicted of possession of a firearm by a convicted felon and sentenced to 15 years at hard labor, without benefit of probation, parole or suspension of sentence. He appeals citing the insufficiency of the evidence. We find that the evidence was insufficient to find the defendant guilty and reverse his conviction and sentence.

FACTS
At approximately 1:45 a.m., on June 29, 2000, the Minden Police Department answered a disturbance call from the Southern Inn Motel. When they arrived, the officers saw a car leaving the scene, which they stopped a couple of blocks away for a child restraint violation. Four adults and two small children were in the car. The officers placed their spotlights on the car, and throughout the investigation and search, did not observe any furtive movements by any of the occupants of the car. As Officer Wayne Chandler approached the automobile, he noticed the strong smell of marijuana. He also noticed that the driver appeared to be intoxicated. Officer Chandler also recognized the defendant, who was in the backseat, from past narcotic arrests and convictions. As a result, Officer Chandler focused his flashlight on the defendant to watch and see if the defendant attempted to dispose of narcotics while everyone else was removed from the car. The officer did not observe the defendant making any type of movement that would indicate that he was throwing down anything. But, the officer felt that the defendant appeared to be nervous and hiding something. The officer pointed his flashlight at the defendant's feet, but he did not see anything on the floorboard.
Officer Chandler ordered everyone out of the car, with the defendant being last. During this time the defendant was reluctant to leave, and repeatedly asked "why do I have to get out?" After the defendant exited the vehicle, Officer Chandler searched the car, and found a small, .25 *1250 caliber automatic pistol on the floorboard of the car, near where the defendant's feet had been. All of the investigating officers testified that Officer Chandler placed the pistol on the top of the car and asked the occupants whose gun was it. None of the occupants replied. However, because of the defendant's three prior felony convictions, he was charged with possession of a firearm by a convicted felon.
At trial, the state called Monica Eason as an adverse witness. She testified that she was in the car, sitting in the middle of the backseat, next to the defendant. She testified that she was an acquaintance of the defendant, and that they had just picked up the defendant to give him a ride home. Eason further testified that the pistol belonged to her, and that she had found it next to a trash dumpster about three months prior to that date. Eason testified that she had been carrying the pistol in her purse for that three months. She also testified that the police removed the defendant from the car first, and placed him in a patrol car. She further testified that as she was scooting across the backseat to get out of the car, she took the gun out of her purse, and attempted to push it up under the driver's seat. Eason testified that when the officer held the gun up and asked to whom it belonged, she remained silent. After being searched by a female officer, she was allowed to leave. Six days later, Eason went to the police station to make a written statement that the pistol was hers, rather than the defendant's. Under questioning by the state, Eason could not provide any details as to how the pistol worked, including where the safety was located. She testified that it was the first gun she had handled. In response to questions from the state, Eason acknowledged that by testifying, she was admitting to possible crimes involving the pistol.
Tinyia Reeder was also called as an adverse witness by the state. She testified that she was also in the backseat of the car with the defendant and Eason when it was pulled over by Officer Chandler. She did not own the car and did not know the owner. She testified that she and the defendant were only friends. Reeder testified that the police removed the defendant from the car first. She further testified that as the police removed the defendant from the car, Eason whispered to her that she had a gun, and that she had put the gun under a seat. Reeder did not see the gun. Reeder initially could not recall which seat, but later testified it was the right seat.
After Eason and Reeder testified, the state recalled Officer Chandler to again testify. He testified that his version of the facts differed "slightly" from the testimony of Eason and Reeder. He testified that he took the defendant out of the car last, not first as Eason and Reeder recalled. He again testified that he put the pistol on the top of the car and asked "whose gun is this?" and no one came forward. Afterwards, the gun was placed into evidence. Officer Chandler testified that the safety on the pistol was on the left side of the frame, not the right side, as testified to by Eason.
Lieutenant Jacob Hortman, with the Webster Parish Sheriff's Department, testified that he attempted to lift fingerprints off of the pistol, using the vapors from super glue, but was unable to identify any of the partial prints recovered.
Officer Tim Morris, of the Minden Police Department, testified that he also was at the scene when the pistol was recovered. Officer Morris testified that he assisted in removing and searching the occupants of the car, and the defendant was the last *1251 person removed from the car. He further testified that as best he could recall, he did not see any objects passed between any of the passengers. He further testified that if the defendant had made any furtive movement, he would have seen it, but the defendant did not make any movements. Officer Morris did not see when Officer Chandler found the pistol.
Sergeant Marvin Garrett, of the Minden Police Department, testified that he responded to a complaint about a disturbance at the Southern Inn Motel, and observed a car leaving the Southern Inn Motel with a small child standing up in the car. He informed Officer Chandler by radio that the individuals responsible for the disturbance were in that car, and that there was a violation of the child restraint law. Sergeant Garrett testified that the defendant was the last person to be removed from the car. Sergeant Garrett testified that he felt it appeared that the defendant was reluctant to get out of the car. He further testified that for officer safety, he watched for hand movements by the occupants of the car and did not observe any that night. He also testified that none of the passengers from the car admitted owning the pistol.
The defendant testified on his own behalf. He testified that on June 29, 2000, he never saw or possessed the .25 caliber pistol. Instead, he testified that his friends, Eason and Reeder, stopped and gave him a ride. Moments later, the car was stopped by Officer Chandler. The defendant testified that Eason and Reeder were sitting in the backseat with him, and he did not see them with the pistol.
At trial, the state and the defendant stipulated that on the date of the offense, the defendant was a convicted felon. The jury found the defendant guilty as charged. A PSI was ordered. On July 15, 2002, the defendant was sentenced to 15 years at hard labor, without benefit of probation, parole or suspension of sentence. The defendant filed a motion to reconsider the sentence, which was denied. This appeal followed.
Although the defendant has raised a number of assignments of error, we will first address the sufficiency of the evidence as it is determinative of the issue before the court, pretermitting discussion of the other issues raised on appeal.

DISCUSSION
Sufficiency of the Evidence
Possession of a firearm by a convicted felon is covered by La. R.S. 14:95.1.
When issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, viewing the evidence in accord with Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in the light most favorable to the prosecution, could not reasonably conclude that all of the elements of the offense have been proved beyond a reasonable doubt. State v. Hearold, 603 So.2d 731 (La.1992); State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333.
The state can prove possession of a firearm by a convicted felon by either actual possession or constructive possession.
*1252 The jurisprudence on proving possession of a firearm by a convicted felon was summarized in State v. Neeley, 30,008 (La. App.2d Cir.12/23/97), 704 So.2d 443, at 446-447:
In order to convict a defendant of possession of a firearm by a convicted felon the state is required to prove beyond a reasonable doubt (1) possession of a firearm; (2) conviction of any enumerated felony; (3) absence of the ten year statutory period of limitation; and (4) general intent to commit the offense. La. R.S. 14:95.1; State v. Husband, 437 So.2d 269 (La.1983); State v. Lewis, 535 So.2d 943 (La.App. 2d Cir.1988); State v. Miller, 499 So.2d 281 (La.App. 1st Cir.1986). General intent is shown when the proof shows that the perpetrator carried on his person a firearm. State v. Woods, 94-2650 (La.App. 4th Cir.4/20/95), 654 So.2d 809, writ denied, 95-1252 (La.6/30/95), 657 So.2d 1035 (La.1997). However, when the perpetrator has not carried the firearm on his person, the state must show that the defendant's intent amounted to an intent to possess rather than a mere acquiescence to the fact that there was a firearm in his presence. State v. Woods, supra; State v. Heacox, 543 So.2d 101 (La.App. 3d Cir.1989).
* * *
Nevertheless, constructive possession, as opposed to actual possession, is sufficient to satisfy the possession element. State v. Day, 410 So.2d 741 (La.1982); State v. Washington, 605 So.2d 720 (La. App. 2d Cir.1992), writ denied, 610 So.2d 817 (La.1993). Constructive possession is demonstrated when the state shows the firearm was subject to defendant's dominion and control. State v. Washington, supra. (Emphasis ours.) A defendant's dominion and control over a weapon constitutes constructive possession even if it is only temporary in nature and even if the control is shared. State v. Washington, supra, and cases cited therein.
It is well-settled that mere presence in an area where contraband is found or mere association with an individual found to be in possession of such does not necessarily establish possession. State v. Viera, 449 So.2d 644 (La.App. 4th Cir.1984), writ denied, 450 So.2d 962 (La.1984). However, an individual found in close proximity to an area where contraband is located may be considered in constructive possession if the contraband is subject to his dominion and control. The determination of whether there is "possession" sufficient to convict depends on the particular facts of the case. State v. Walker, 514 So.2d 602 (La.App. 4th Cir.1987); State v. Trahan, 425 So.2d 1222 (La.1983); State v. Heacox, 543 So.2d 101 (La.App. 3d Cir.1989).
In the present case, the state's case as to actual possession of the firearm by the defendant is very weak. The state does not dispute that there is no direct evidence of actual possession of the firearm by the defendant. No one testified seeing the defendant holding the firearm, nor were the defendant's fingerprints found on the firearm.
Moreover, this case involves an unusual fact situation. The state attempted to establish possession of the firearm by a convicted felon by calling witnesses who asserted the firearm was not the defendant's, and arguing to the jury that these witnesses were lying. The state offered no evidence to show that the defendant ever possessed or had any dominion or control *1253 over the firearm. Instead, the state argues that it established, beyond a reasonable doubt, by circumstantial evidence, that the defendant had constructive possession of the firearm.
Circumstantial evidence is defined as evidence of facts or circumstances from which one might infer or conclude the existence of other connected facts. Circumstantial evidence consists of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Lilly, 468 So.2d 1154 (La.1985); State v. Turner, 591 So.2d 391 (La.App. 2d Cir.1991), writ denied, 597 So.2d 1027 (La.1992).
In all cases where an essential element of the crime is not proven by direct evidence, La. R.S. 15:438 applies. As an evidentiary rule, it restrains the fact finder in the first instance, as well as the reviewer on appeal, to accept as proven all that the evidence tends to prove and then to convict only if every reasonable hypothesis of innocence is excluded. Whether circumstantial evidence excludes every reasonable hypothesis of innocence presents a question of law. State v. Shapiro, 431 So.2d 372 (La.1982); State v. Hammontree, 363 So.2d 1364 (La.1978).
In reviewing the sufficiency of the evidence to support a conviction, an appellate court in Louisiana is controlled by the standard enunciated by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The appellate court must determine whether the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proven beyond a reasonable doubt. State v. Nealy, 450 So.2d 634 (La.1984); State v. Doby, 540 So.2d 1008 (La.App. 2d Cir.1989), writ denied, 544 So.2d 398 (La.1989). An appellate court reviewing the sufficiency of the evidence must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstantial evidence must be sufficient for a rational juror to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Jacobs, 504 So.2d 817 (La.1987); State v. Lott, 535 So.2d 963 (La.App. 2d Cir.1988). When circumstantial evidence forms the basis for the conviction, such evidence must exclude every reasonable hypothesis of innocence. La. R.S. 15:438. The court does not determine whether another possible hypothesis suggested by the defendant could afford an exculpatory explanation of the events; rather, when evaluating the evidence in the light most favorable to the prosecution, the court determines whether the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt under Jackson v. Virginia. State v. Davis, 92-1623 (La.5/23/94), 637 So.2d 1012, cert. denied, 513 U.S. 975, 115 S.Ct. 450, 130 L.Ed.2d 359 (1994); State v. Owens, 30,903 (La.App.2d Cir.9/25/98), 719 So.2d 610, writ denied, 98-2723 (La.2/5/99), 737 So.2d 747.
There is no evidence to support a finding that the defendant had sufficient dominion and control over the firearm to constitute constructive possession of the firearm. Whether there was sufficient dominion and control depends on the particular *1254 facts of the case, but none of the facts in this case establish the defendant's dominion or control over the firearm.
In cases involving constructive possession of contraband, the state must adduce more evidence than the defendant's mere presence or proximity to the contraband. State v. Walker, supra. In State v. Toups, XXXX-XXXX (La.10/15/02), 833 So.2d 910, the officers saw the defendant sitting on a sofa in front of a coffee table with crack cocaine and paraphernalia in clear view. The supreme court found proof of constructive possession, based on the defendant's obvious knowledge that the drugs were present, her relationship with the homeowner, evidence of recent drug use, and her proximity with the drugs. In State v. Blount, 01-844 (La.App. 5 Cir. 12/26/01), 806 So.2d 773, a .380 caliber pistol, without a clip, was found on the floorboard of Blount's car, the loaded clip to the gun was found in his pocket, and Blount admitted to owning the gun. In contrast, in State v. Fisher, 94-2255 (La. App. 1 Cir. 12/15/95), 669 So.2d 460, writ denied, 96-0958 (La.9/20/96), 679 So.2d 432, a pistol clip in the felon's pocket was found not to be constructive possession of the firearm he knew to be in his car, because his sister had testified that it was her pistol, it was in her purse, and she had earlier taken the clip out when giving the pistol to a guard. In State v. Lewis, 535 So.2d 943 (La.App. 2d Cir.1988), three firearms were found in three different locations in the Lewis home, including in a night stand drawer beside Lewis' bed. So many guns in different locations, including beside his bed, was sufficient to establish that the defendant had dominion and control of the firearms.
In the present case, the state went to great lengths to have all of the police officers clearly testify that they were concerned about the defendant either throwing down contraband or having a weapon. The defendant was told to remain still. All of the officers testified that they closely and carefully watched the defendant to make sure that he did not dispose of any contraband. All of the officers testified that the defendant never moved, other than to get out of the car at their command. All of the officers testified that they did not see the defendant make any furtive movements that could be construed as having thrown down the pistol. Nor did the officers see any of the other passengers make any such furtive movements. The only evidence supporting the conviction is that the gun was found near the defendant's seat in the car after his removal from the vehicle. Viewed in a light most favorable to the state, this testimony does not exclude other reasonable possibilities that: 1) the weapon was on the floorboard of the car prior to the defendant getting into the car; 2) one of the other passengers or the driver dropped the firearm on the floorboard before the police arrived; 3) one of the other passengers of the car was discreet enough in dropping the firearm while the defendant was being watched that the police did not see the movement, nor the firearm falling.
As such, it becomes difficult to see how a rational juror would find that by the defendant remaining motionless in the car proves he either possessed the firearm or had sufficient dominion or control over the firearm found near him to constitute constructive possession. Without further evidence to support either actual possession or dominion and control of the firearm, the defendant appears to have been convicted because of his mere presence in the area where the gun was found.
Additionally, any constructive possession argument is further weakened by the fact that the car was not the defendant's. The state established that he was either a *1255 hitchhiker or a guest passenger. As such, the defendant had no dominion or control over the automobile to support a presumption of constructive possession. Nor does any of the evidence show that the defendant had any actual knowledge of the pistol being in the car.
The state's reliance on the fact that none of the occupants of the car stepped forth to claim the gun when asked is irrelevant. This argument overlooks the fact that the defendant and the other occupants of the car had an absolute right to remain silent when questioned about a possible crime, and that this silence cannot be used against them. U.S. Const. amend. V; La. Const. art. 1, § 13.
The state attempted to prove its case by calling as witnesses the other two rear-seat passengers, both of whom asserted that the firearm was not the defendant's, and then discrediting their testimony. It is apparent from the guilty verdict that the jury chose not to believe the two witnesses. Nonetheless, this court's review of this case under the sufficiency-of-the-evidence evaluation of Jackson v. Virginia, supra, leads us to conclude that the evidence was not sufficient to convince a rational trier of fact of the defendant's guilt beyond a reasonable doubt. The evidence was not sufficient to prove either who possessed the firearm or that it was the defendant, and not the other passengers in the car, that had sufficient dominion and control over the firearm to constitute constructive possession. Accordingly, we are compelled to reverse the defendant's conviction and sentence.

CONCLUSION
For the foregoing reasons, the defendant's conviction and sentence are reversed.
REVERSED.
GASKINS, J., dissents without reasons.

APPLICATION FOR REHEARING
Before WILLIAMS, STEWART, GASKINS, PEATROSS, and KOSTELKA, JJ.
Rehearing denied.
GASKINS, J., would grant rehearing.