PAUL A. BONIN, Judge.
 

 L Keldon Ussin, Jr. appeals his conviction after a trial by judge
 
 [1]
 
 for a violation
 
 *849
 
 of La. R.S. 14:95.1, being a convicted felon in possession of a firearm. He was sentenced to ten years at hard labor and fined $1,000. For the reasons which follow, we affirm his conviction. We amend his sentence, and as amended, affirm the sentence.
 

 Facts
 

 On March 19, 2008, Mr. Ussin was a passenger in the front seat of a four-door Chevrolet Cavalier, a car owned and being operated by his girlfriend, Areoon Nicole Houston, on Engineers Road in Plaque-mines Parish. In the backseat was Mr. Ussin’s stepfather, Elmer Constant. The time was about 10:15 P.M. and they had been riding around in the car for about forty minutes. A sheriffs deputy, Tony Seput, observed that the license plate light was burned out and stopped the car. A second deputy, Jennifer Tassin, arrived on the scene shortly afterwards.
 

 After learning from the driver that she was unlicensed, the deputies requested the two passengers to exit the car. Deputy Seput learned that Mr. Ussin was a convicted felon and that there was an outstanding arrest warrant for Mr. Constant. All three persons were “patted down” for weapons. No weapons were |2found on their persons. Ms. Houston gave the deputies permission to search her vehicle.
 

 Deputy Tassin began a search at the front seat passenger side. Crouching down, she immediately observed on the floorboard on the passenger side a “big ‘Dirty Harry
 
 [5]
 
 gun.”
 
 [2]
 
 Upon closer examination, the deputy learned that the gun was loaded with two hollow point 357 bullets.
 
 [3]
 
 She gave a secret signal to Deputy Seput to handcuff the three and conducted a further, thorough search of the vehicle: No further contraband was found either in the car or on the three persons.
 

 On the scene, all three denied ownership or possession of the weapon. At trial, Ms. Houston and Mr. Constant each testified that the gun did not belong to her or him, respectively, and that neither had observed the gun on the person of Mr. Ussin or in the car until it was removed from the car by Deputy Tassin. Because of the gun’s location on the floorboard, Deputy Tassin was certain that Mr. Ussin would, of necessity, have been aware of it; his feet would have been touching it and it was clearly accessible to him.
 

 The deputies placed Mr. Ussin under arrest for being a convicted felon in possession of a firearm.
 
 [4]
 

 Insufficiency of Evidence
 

 Mr. Ussin’s sole assignment of error is insufficiency of evidence under the standard of
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) in a circumstantial evidence case.
 
 State v. Shapiro,
 
 431 So.2d 372 (La.1982); La. R.S. 15:438. The essential elements that the prosecution must prove beyond a reasonable doubt in this case 13are that the defendant possessed a firearm and that he had been convicted of a prior enumerated felony, and that the conviction had occurred within the applicable ten year period. La. R.S. 14:95.1(A) and (C)(1);
 
 State v. Husband,
 
 437 So.2d 269, 271 (La.1983);
 
 State v. Jones,
 
 544 So.2d 1294, 1295 (La.App. 4 Cir.1989). The defendant conceded and
 
 *850
 
 stipulated that he had been convicted of possession of cocaine in 2007 in Jefferson Parish.
 
 [5]
 
 Therefore, the only issue involves the remaining element of whether the defendant
 
 possessed
 
 the firearm.
 

 The Louisiana Supreme Court decision in
 
 State v. Johnson,
 
 03-1228 (La.4/14/04), 870 So.2d 995 disposes of the defendant’s contention that the evidence in this case was insufficient to sustain a conviction.
 
 [6]
 
 The gun was “where the defendant’s feet had been.”
 
 Id.,
 
 p. 2, 870 So.2d at 997. The defendant’s proximity to the gun on the floorboard puts him in actual possession of the firearm.
 
 Id.,
 
 p. 6, 870 So.2d at 999.
 
 [7]
 
 In oui* case, Deputy Tassin was emphatic that there was “no way [Mr. Ussin] could have sat in that car and not seen it or felt it.”
 
 [8]
 
 Because of the area of the floorboard, the size of the gun, and the fact that the gun was completely visible on the floorboard, she was certain that Mr. Ussin “had to have known the gun was in the car.”
 
 [9]
 

 It is true that like the defendant in
 
 Johnson
 
 Mr. Ussin was never observed making any furtive movements and that unlike that defendant he was cooperative with the police. However, it is clear that the weapon was retrieved from the front passenger floorboard of a small car, that Mr. Ussin had access to the loaded Smith L& Wesson, that the driver had not observed the gun on the floorboard but would have had it been there before Mr. Ussin’s entry into her car, and that both the driver, who is Mr. Ussin’s girlfriend, and the other passenger, who is his stepfather, denied ownership or possession of the weapon. Mr. Ussin necessarily had an awareness of the weapon. See
 
 State v. Major,
 
 08-0861, p. 6 (La.App. 4 Cir. 12/10/08), 1 So.3d 715, 718;
 
 State v. Woods,
 
 94-2650 (La.App. 4 Cir. 4/20/95), 654 So.2d 809, 812.
 

 All of these facts taken together are sufficient to convince a rational trier of fact that all of the elements of the crime have been proven beyond a i-easonable doubt.
 
 State v. Sylvia,
 
 01-1406, p. 2-3 (La.4/9/03), 845 So.2d 358, 361.
 

 The defendant has urged us to consider several intermediate appellate decisions in support of his contention that the evidence is insufficient to sustain a conviction in this matter.
 
 [10]
 
 However, none of the cited cases involved circumstances in which the defendant was in
 
 actual
 
 possession of a
 
 firearm.
 
 We, therefore, find them unpersuasive and conclude that the evidence was sufficient to convict Mr. Ussin of a violation of La. R.S. 14:95.1.
 

 Error Patent
 

 Our independent review of the record discloses only one error patent. The trial judge sentenced Mr. Ussin to the minimum sentence of ten years at hard labor. However, La. R.S. 14:95.1(B)
 
 *851
 
 requires that any sentence under its provisions be “without benefit of probation, parole or suspension of sentence.” The sentence is, therefore, an illegally lenient sentence, which can be noticed by this court
 
 sua sponte;
 
 however, because the provisions of La. R.S. 15:301.1(A) are self-|activating,s we are not required to remand for re-sentencing.
 
 State v. Williams,
 
 00-1725, p. 10 (La.11/28/01), 800 So.2d 790, 799.
 

 Decree
 

 The defendant’s conviction for violating La. R.S. 14:95.1 is affirmed. The defendant’s sentence is amended to serve ten years at hard labor without benefit of probation, parole or suspension of sentence and to pay a fine of $1,000 and, as amended, affirmed.
 

 CONVICTION AFFIRMED; SENTENCE AMENDED, AND AS AMENDED, AFFIRMED.
 

 [1]
 

 . The defendant waived trial by jury and, after questioning, the court accepted the waiver.
 

 [2]
 

 . The gun was a Smith & Wesson.
 

 [3]
 

 . These bullets, according to Deputy Tassin, are capable of piercing the vests the deputies wear.
 

 [4]
 

 .Mr. Constant was also arrested; Ms. Houston was released at the scene.
 

 [5]
 

 . There was testimony that the defendant was still oil "home incarceration” at the time of the arrest in this case.
 

 [6]
 

 . It is unnecessary in this opinion to reiterate the numerous legal principles and authorities cited in
 
 Johnson.
 

 [7]
 

 . See also
 
 State v. Washington,
 
 605 So.2d 720, 722-23 (La.App. 2 Cir.1992) ("the defendant, while seated in the car would likely have had his feet touching the pistol and surely had to have been aware of the gun's presence.”)
 

 [8]
 

 . Record, p. 69.
 

 [9]
 

 .
 
 Id.
 

 [10]
 

 .
 
 State v. LeBlanc,
 
 01-1503 (La.App. 3 Cir. 6/5/02), 819 So.2d 424;
 
 State v. Fisher,
 
 94-2255 (La.App. 1 Cir. 12/15/95), 669 So.2d 460;
 
 State v. Heacox,
 
 543 So.2d 101 (La.App. 3 Cir. 1989), and
 
 State v. Evans,
 
 29,675, 29,-676 (La.App. 2 Cir. 9/24/97), 700 So.2d 1039.