Judgment rendered March 9, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,267-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

QUANTAVIOUS R. GREEN                         Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 372,616

Honorable Brady O'Callaghan, Judge

* * * * *

LOUISIANA APPELLATE PROJECT              Counsel for Appellant
By:  Meghan Harwell Bitoun

JAMES E. STEWART, SR.                    Counsel for Appellee
District Attorney

SAMUEL S. CRICHTON
TOMMY JAN JOHNSON
Assistant District Attorneys

* * * * *

Before STONE, ROBINSON, and HUNTER, JJ.

HUNTER, J., concurs with written reasons.

**ROBINSON, J.**

The defendant, Quantavious R. Green ("Green"), was convicted by unanimous jury of three crimes: one count of first-degree robbery, one count of possession of a firearm by a convicted felon, and one count of aggravated flight from an officer. He was sentenced to fourteen years at hard labor for first-degree robbery, ten years at hard labor for possession of a firearm by a convicted felon, and five years at hard labor for aggravated flight from an officer, all to be served concurrently, with credit for time served, and without the benefit of probation or suspension of sentence.

Green appealed the convictions of the crimes of possession of a firearm by a convicted felon and aggravated flight from an officer, claiming insufficiency of evidence.

We affirm the trial court's convictions, but remand for clarification of the requisite fine for possession of a firearm by a convicted felon.

## FACTS

On December 10, 2019, an individual entered Chase Bank on Mansfield Road in Shreveport and approached the teller, Michelle Flory. He was wearing a face covering that he did not remove when entering the bank, a caramel-colored Carhartt-type jacket, and baby-blue ball cap with lightning bolts on it. Ms. Flory was able to see the individual's eyes and the bridge of his nose, and described him as a young, black man. The man tossed a crumpled note onto the counter, then kept one hand on the counter with the other hand below the counter where it could not be seen. Ms. Flory recalled the words on the note saying, "don't do anything stupid, their lives are in your hands." Upon identifying the note at trial, Ms. Flory read aloud the entirety of the note, as follows:

> This is a robbery. I have a gun. Act calm as if none is happening. My cousin works here. I know the procedure. Don't do anything stupid. Everyone life is in your hands. Put at least $7,000 in and envelope 100s, 20s, and 50s. No dye, no alarm. Do not hit alarm until five minutes or I'll shoot.

Ms. Flory handed the man all the cash from her till, an amount of $2,351.00, and he walked out of the bank. At some point during the interaction, she touched the note with the tip of her finger to flip it off the counter onto the floor, so that the note could be maintained at the bank as evidence, according to her training. The note was chemically processed for fingerprints and one fingerprint of sufficient quality was entered into the FBI's fingerprint database, which came back identifying Green.

Two days after the robbery at approximately 4:00 a.m., Louisiana State Trooper Abry Cahn was working in traffic enforcement in Caddo Parish when he attempted to conduct a traffic stop of a silver Toyota Camry that did not have license plate lights and had taken a turn without signaling. Upon Trooper Cahn initiating his lights and siren, the driver of the vehicle fled, at one point reaching a speed of at least 100 mph in a residential area, traveled into oncoming traffic, and sped through numerous stop signs, before crashing into a concrete culvert. Following the crash, the driver fled on foot. When Trooper Cahn approached the crashed vehicle, the driver was no longer inside, but the passenger, Quontavius Taylor ("Taylor"), was still in the vehicle. Trooper Cahn located a .380 caliber pistol in the driver's side door lower pocket that was "readily apparent" and would have been easily accessible to the driver, as well as a black iPhone with a distinctive black UAG case beside the console. After obtaining a search warrant for the vehicle, Trooper Cahn also located Green's driver's license between the

phone and phone case and a tan canvas jacket matching the one described by Ms. Flory. The vehicle was registered to Green's mother.

Trooper Cahn later conducted a social media search, finding Green's Instagram profile. There were pictures on Green's account from shortly before the car pursuit showing Green wearing the same jacket found in the vehicle and with a phone case consistent with the one located in the vehicle.

An arrest warrant was acquired for Green and a search warrant for his residence, where he lived with his mother and stepfather. Police searched the home and found a teal hat with stripes matching the teller's description. They also found a composition notebook with paper containing indentations of a handwritten note seeking $7,000 while being armed.

There was also a jailhouse call placed by Green in which he made the following statements: "…they've rebooked me for that pistol"; "I need you to hail Quon, though. He already ratted on me. I need him – I need a real – a real [expletive deleted] with that gun. Without that they ain't got shit on me"; "I hit… I guess I hit that tree"; "I tried to jump out the window"; "…taking that shit for granted. I deserve this shit"; "…but hit Quon up, though."

Green was charged by Bill of Information on October 12, 2020, with three crimes: one count of first-degree robbery, one count of possession of a firearm by a convicted felon, and one count of aggravated flight from an officer. After jury trial on October 14, 2020, Green was unanimously found guilty of all three counts. A presentence investigation was conducted following trial. On March 25, 2021, Green was sentenced to fourteen years at hard labor for robbery, ten years at hard labor for possession of a firearm by a convicted felon, and five years at hard labor for aggravated flight from

an officer, all to be served concurrently, with credit for time served and without benefit of probation or suspension of sentence. The trial court did not reference any fine(s) imposed for any of the charges, although there is a mandatory fine under La. R.S. 14:95.1, possession of firearm by convicted felon.

Green filed a motion for appeal on April 1, 2021, and an order granting the appeal was filed April 8, 2021. Motion for extension was filed June 15, 2021, and briefs followed. No pro se brief was filed.

## DISCUSSION

*Sufficiency of Evidence*

Green argues that there was insufficient evidence to convict him of two of the three crimes of which he was convicted: aggravated flight from an officer and possession of a firearm by a convicted felon. In particular, Green claims that the evidence at trial did not establish that he was the person driving the vehicle when the crimes occurred; thus, the evidence that he was the perpetrator of either crime is insufficient.

In evaluating the sufficiency of the evidence to support a conviction, a reviewing court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. *Jackson v. Virginia*, 443 U.S. 307 (1979); *State v. Weary*, 03-3067 (La. 4/24/06), 931 So. 2d 297; *State v. Captville*, 448 So. 2d 676 (La. 1984). The fact-finder weighs the respective credibility of the witnesses, and appellate courts will generally not second-guess those determinations. *State v. Dabney*, 02-934 (La. 4/9/03), 842 So. 2d 326; *State ex rel. Graffagnino v. King*, 436 So. 2d 559 (La. 1983).

4

If a case rests essentially upon circumstantial evidence, that evidence must exclude every reasonable hypothesis of innocence. La. R.S. 15:438; *State v. Alexander*, 53,440 (La. App. 2 Cir. 11/18/20), 306 So. 3d 594. The appellate court reviews the evidence in the light most favorable to the prosecution and determines whether an alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt. *Id*. When the key issue is the defendant's identity as the perpetrator, rather than whether the crime was committed, the State is required to negate any reasonable probability of misidentification. *State v. White*, 17-308 (La. App. 1 Cir. 9/15/17), 228 So. 3d 213.

Green notes that, in general, cases upholding the sufficiency of evidence of aggravated flight from an officer contain *direct* evidence that the convicted defendant was the driver of the offending vehicle. He cites several cases in which there was testimony that identified the defendant as the driver. *State v. Alexander*, 17-1166 (La. App. 3 Cir. 9/26/18), 256 So. 3d 365, *writ denied*, 18-1794 (La. 4/15/19), 267 So. 3d 1130; *State v. Byrd*, 49,142 (La. App. 2 Cir. 6/25/14), 145 So. 3d 536, *writ denied*, 14-163 (La. 3/6/15), 161 So. 3d 14; *State v. Charles*, 14-1411 (La. App. 1 Cir. 4/25/15), 171 So. 3d 286; *State v. Kirsh*, 17-231 (La. App. 1 Cir. 11/1/17), 234 So. 3d 941, *writ denied*, 17-2169 (La. 11/20/18), 256 So. 3d 993, *cert denied*, 139 S. Ct. 1207, 203 L. Ed. 2d 232 (2019); *State v. Miller*, 02-279 (La. App. 5 Cir. 12/30/02), 836 So. 2d 614, *writs denied*, 03-0200, 03-0503 (La. 10/10/03), 855 So. 2d 326, 329; *State v. Stewart*, 51,705 (La App. 2 Cir. 11/15/17) 245 So. 3d 289; *State v. White*, *supra*. Green argues that there is no direct evidence that he fled since there was no direct witness identification of him as the driver of the vehicle. He claims that merely

5

circumstantial evidence – that the vehicle was registered to his mother and that his personal items were found inside – is insufficient to prove beyond a reasonable doubt that he was the driver of the vehicle that fled from the officer.

Under the same reasoning, Green argues that there is insufficient evidence that he was in possession of a firearm since there is insufficient evidence that he was the driver of the vehicle from which the firearm was recovered. He claims that the evidence does not prove that he had possession of the gun, actual or constructive.

The State can prove possession of a firearm by a convicted felon by either actual or constructive possession. *State v. Anderson*, 36,969 (La. App. 2 Cir. 4/9/03), 842 So. 2d 1222. In this case, it was not contended that Green had actual possession of the firearm, but that he had merely constructive possession. Constructive possession is demonstrated when the state shows the firearm was subject to defendant's dominion and control. *State v. Washington*, 605 So. 2d 720 (La. App. 2 Cir. 1992), *writ denied*, 610 So. 2d 817 (La. 1993). A defendant's dominion and control over a weapon constitutes constructive possession even if it is only temporary in nature and even if the control is shared. *State v. Washington*, *supra*. A defendant's mere presence in an area where contraband is found or mere association with an individual found to be in possession of such does not necessarily establish possession, *State v. Viera*, 449 So. 2d 644 (La. App. 4 Cir. 1984), *writ denied*, 450 So.2d 962 (La. 1984), but an individual found in close proximity to an area where contraband is located may be considered in constructive possession if the contraband is subject to his dominion and control. *State v. Neeley*, 30,008 (La. App. 2 Cir. 12/23/97), 704 So. 2d 443.

Green argues that La. R.S. 14:95.1 requires only general criminal intent to support the felon in possession of a firearm conviction, meaning that the circumstances must indicate that the accused "in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act." *Neeley*, *supra*. Accordingly, in light of Green's lack of actual possession, the evidence is insufficient to prove that he adverted to having the gun within his dominion and control.

The State argues that circumstantial evidence is sufficient to identify Green as the offending driver and sustain the conviction of aggravated flight from an officer. Here, the key issue is Green's identity as the perpetrator rather than whether the crime was committed, and the State is required to negate any reasonable probability of misidentification. The State offers several pieces of evidence that identify Green as the driver of the fled vehicle. The vehicle was registered to Green's mother. Green's driver's license was found in the vehicle between a phone and distinctive phone case matching that held by Green in a photograph of him on his Instagram account posted just hours prior to the pursuit. The jacket found in the vehicle matched the one worn by Green in the same Instagram photograph and described by Flory from the robbery. The recorded jail calls from Green mention the pursuit. The State contends that the totality of such evidence excludes every reasonable hypothesis of innocence and negates any reasonable probability of misidentification, proving Green as the driver of the vehicle pursued. We agree.

As to illegal possession of a firearm by a convicted felon, the State contends that Green had constructive possession of the firearm because it

7

was subject to his dominion and control. The State reiterates its argument that there is sufficient evidence to support that Green was the driver of the vehicle. According to Trooper Cahn, the gun was "readily apparent" in the driver-side door and not accessible to the passenger. While in the driver's seat, Green exercised dominion and control over the handgun in the door pocket of the driver's door solely due to its proximity to the driver. There is additional evidence of Green's connection with a gun. He declared in the robbery note that he possessed a gun, he refers to a gun in the practice robbery notes found in the notebook in his room, and he mentions a gun in the jail call, even going so far as to urge that Taylor take responsibility for the possession charge.

The State argues that Louisiana cases hold that a defendant's dominion and control over a weapon constitutes constructive possession even if it is only temporary and even if the control is shared, citing several cases in support of its argument. In *State v. Frank*, 549 So. 2d 401 (La. App. 3 Cir. 1989), constructive possession was found where a gun was in plain view on the front seat of the car the defendant was driving but did not own. In *State v. Mose*, 412 So. 2d 584 (La. 1982), a gun merely located in the defendant's bedroom was sufficient for constructive possession.

This Court agrees with the State and finds that Green had constructive possession of the firearm because there was more than sufficient evidence to prove he was the driver of the vehicle, and being in the driver's seat, he exercised dominion and control over the gun that was easily visible and in such close proximity to him. Further, Green's argument based on the fact that felon in possession of a firearm is only a general intent crime, that he must have adverted to the criminal consequences reasonably certain to result

8

from his act or failure to act, is misplaced. Such an analysis ignores that possession may be constructive.

The jury acted in a rational decision-making process, excluding every reasonable hypothesis of innocence to find Green guilty as charged on the firearm charge as well as the aggravated flight from an officer charge. In reviewing the evidence in the light most favorable to the prosecution, this Court finds that any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crimes charged.

***Error Patent Review - Sentencing***

La. R.S. 14:95.1(B) states, "Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than five nor more than twenty years without the benefit of probation, parole, or suspension of sentence *and be fined not less than one thousand dollars nor more than five thousand dollars*." (emphasis added). The trial court was silent as to whether or not the requisite fine for the felon in possession of a firearm conviction was to be imposed.

A defendant in a criminal case does not have a constitutional right or a statutory right to an illegally lenient sentence. *State v. Williams*, 00-1725 (La. 11/28/01), 800 So. 2d 790. An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. La. C. Cr. P. art. 882(A). This correction may be made despite the failure of either party to raise the issue. *See State v. Williams*, *supra*; *State v. Leday*, 2005-1641 (La. App. 3 Cir. 5/3/06), 930 So. 2d 286. This Court is not required to correct an illegally lenient sentence. *State v. Dock*, 49,784 (La. App. 2 Cir. 6/3/15), 167 So. 3d 1097. However, this Court in its discretion remands this matter to the trial court to clarify what fine is to be

9

imposed for the felon in possession of a firearm conviction pursuant to the mandate of La. R.S. 14.95.1(B).

## CONCLUSION

For the foregoing reasons, this Court AFFIRMS the defendant's convictions of possession of a firearm by a convicted felon, for which he was sentenced to ten years at hard labor, and aggravated flight from an officer, a sentence of five years at hard labor, both sentences to be served concurrently, with credit for time served, and without the benefit of probation or suspension of sentence. However, this Court REMANDS for clarification of the requisite fine under La. R.S. 14:95.1, possession of firearm by convicted felon.

**AFFIRMED, but REMANDED.**

**HUNTER, J., concurs.**

I concur in affirming defendant's convictions. However, since the state neither filed an appeal nor answered defendant's appeal to raise the issue of an illegally lenient sentence, I would decline to remand for imposition of the fine.